UNITED STATES CODE SERVICE
Copyright © 2006 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

# HAGUE CONVENTION ON THE CIVIL ASPECTS OF INTERNATIONAL CHILD ABDUCTION

*USCS Child Abduction (Hague)*

Convention on Child Abduction (Hague)

(TIAS 11670) The States signatory to the present Convention.

Firmly convinced that the interests of children are of paramount importance in matters relating to their custody.

Desiring to protect children internationally from the harmful effects of their wrongful removal or retention and to establish procedures to ensure their prompt return to the State of their habitual residence, as well as to secure protection for rights of access.

Have resolved to conclude a Convention to this effect, and have agreed upon the following provisions--

## Chapter I. Scope of the Convention

**Article 1.** The objects of the present Convention are--

a. to secure the prompt return of children wrongfully removed to or retained in any Contracting State; and

b. to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States.

**Article 2.** Contracting States shall take all appropriate measures to secure within their territories the implementation of the objects of the Convention. For this purpose they shall use the most expeditious procedures available.

**Article 3.** The removal or the retention of a child is to be considered wrongful where--

a. it is in breach of rights of custody attributed to a person, an institution or any other body, either jointly or alone, under the law of the State in which the child was habitually resident immediately before the removal or retention; and

b. at the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention.

The rights of custody mentioned in sub-paragraph *a* above, may arise in particular by operation of law or by reason of a judicial or administrative decision, or by reason of an agreement having legal effect under the law of that State.

**Article 4.** The Convention shall apply to any child who was habitually resident in a Contracting State immediately before any breach of custody or access rights. The Convention shall cease to apply when the child attains the age of 16 years.

**Article 5.** For the purposes of this Convention--

a. "rights of custody" shall include rights relating to the care of the person of the child and, in particular, the right to determine the child's place of residence;

b. "rights of access" shall include the right to take a child for a limited period of time to a place other than the child's habitual residence.

**Chapter II. Central Authorities**

**Article 6.** A Contracting State shall designate a Central Authority to discharge the duties which are imposed by the Convention upon such authorities.

Federal States, States with more than one system of law or States having autonomous territorial organizations shall be free to appoint more than one Central Authority and to specify the territorial extent of their powers. Where a State has appointed more than one Central Authority, it shall designate the Central Authority to which applications may be addressed for transmission to the appropriate Central Authority within that State.

**Article 7.** Central Authorities shall co-operate with each other and promote co-operation amongst the competent authorities in their respective States to secure the prompt return of children and to achieve the other objects of this Convention.

In particular, either directly or through any intermediary, they shall take all appropriate measures--

a. to discover the whereabouts of a child who has been wrongfully removed or retained;

b. to prevent further harm to the child or prejudice to interested parties by taking or causing to be taken provisional measures;

c. to secure the voluntary return of the child or to bring about an amicable resolution of the issues;

d. to exchange, where desirable, information relating to the social background of the child;

e. to provide information of a general character as to the law of their State in connection with the application of the Convention;

f. to initiate or facilitate the institution of judicial or administrative proceedings with a view to obtaining the return of the child and, in a proper case, to make arrangements for organizing or securing the effective exercise of rights of access;

g. where the circumstances so require, to provide or facilitate the provision of legal aid and advice, including the participation of legal counsel and advisers;

h. to provide such administrative arrangements as may be necessary and appropriate to secure the safe return of the child;

i. to keep each other informed with respect to the operation of this Convention and, as far as possible, to eliminate any obstacles to its application.

**Chapter III. Return of Children**

**Article 8.** Any person, institution or other body claiming that a child has been removed or retained in breach of custody rights may apply either to the Central Authority of the child's habitual residence or to the Central Authority of any other Contracting State for assistance in securing the return of the child.

The application shall contain--

a. information concerning the identity of the applicant, of the child and of the person alleged to have removed or retained the child;

b. where available, the date of birth of the child;

c. the grounds on which the applicant's claim for return of the child is based;

d. all available information relating to the whereabouts of the child and the identity of the person with whom the child is presumed to be.

The application may be accompanied or supplemented by--

e. an authenticated copy of any relevant decision or agreement;

f. a certificate or an affidavit emanating from a Central Authority, or other competent authority of the State of the child's habitual residence, or from a qualified person, concerning the relevant law of that State;

g. any other relevant document.

**Article 9.** If the Central Authority which receives an application referred to in Article 8 has reason to believe that the child is in another Contracting State, it shall directly and without delay transmit the application to the Central Authority of that Contracting State and inform the requesting Central Authority, or the applicant, as the case may be.

**Article 10.** The Central Authority of the State where the child is shall take or cause to be taken all appropriate measures in order to obtain the voluntary return of the child.

**Article 11.** The judicial or administrative authorities of Contracting States shall act expeditiously in proceedings for the return of children.

If the judicial or administrative authority concerned has not reached a decision within six weeks from the date of commencement of the proceedings, the applicant or the Central Authority of the requested State, on its own initiative or if asked by the Central Authority of the requesting State, shall have the right to request a statement of the reasons for the delay. If a reply is received by the Central Authority of the requested State, that Authority shall transmit the reply to the Central Authority of the requesting State, or to the applicant, as the case may be.

**Article 12.** Where a child has been wrongfully removed or retained in terms of Article 3 and, at the date of the commencement of the proceedings before the judicial or administrative authority of the Contracting State where the child is, a period of less than one year has elapsed from the date of the wrongful removal or retention, the authority concerned shall order the return of the child forthwith.

The judicial or administrative authority, even where the proceedings have been commenced after the expiration of the period of one year referred to in the preceding paragraph, shall also order the return of the child, unless it is demonstrated that the child is now settled in its new environment.

Where the judicial or administrative authority in the requested State has reason to believe that the child has been taken to another State, it may stay the proceedings or dismiss the application for the return of the child.

**Article 13.** Notwithstanding the provisions of the preceding Article, the judicial or administrative authority of the requested State is not bound to order the return of the child if the person, institution or other body which opposes its return establishes that--

a. the person, institution or other body having the care of the person of the child was not actually exercising the custody rights at the time of removal or retention, or had consented to or subsequently acquiesced in the removal or retention; or

b. there is a grave risk that his or her return would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation.

The judicial or administrative authority may also refuse to order the return of the child if it finds that the child objects to being returned and has attained an age and degree of maturity at which it is appropriate to take account of its views.

In considering the circumstances referred to in this Article, the judicial and administrative authorities shall take into account the information relating to the social background of the child provided by the Central Authority or other competent authority of the child's habitual residence.

**Article 14.** In ascertaining whether there has been a wrongful removal or retention within the meaning of Article 3, the judicial or administrative authorities of the requested State may take notice directly of the law of, and of judicial or administrative decisions, formally recognized or not in the State of the habitual residence of the child, without recourse to the specific procedures for the proof of that law or for the recognition of foreign decisions which would otherwise be applicable.

**Article 15.** The judicial or administrative authorities of a Contracting State may, prior to the making of an order for the return of the child, request that the applicant obtain from the authorities of the State of the habitual residence of the child a decision or other determination that the removal or retention was wrongful within the meaning of Article 3 of the Convention, where such a decision or determination may be obtained in that State. The Central Authorities of the Contracting States shall so far as practicable assist applicants to obtain such a decision or determination.

**Article 16.** After receiving notice of a wrongful removal or retention of a child in the sense of Article 3, the judicial or administrative authorities of the Contracting State to which the child has been removed or in which it has been retained shall not decide on the merits of rights of custody until it has been determined that the child is not to be returned under this Convention or unless an application under this Convention is not lodged within a reasonable time following receipt of the notice.

**Article 17.** The sole fact that a decision relating to custody has been given in or is entitled to recognition in the requested State shall not be a ground for refusing to return a child under this Convention, but the judicial or administrative authorities of the requested State may take account of the reasons for that decision in applying this Convention.

**Article 18.** The provisions of this Chapter do not limit the power of a judicial or administrative authority to order the return of the child at any time.

**Article 19.** A decision under this Convention concerning the return of the child shall not be taken to be a determination on the merits of any custody issue.

**Article 20.** The return of the child under the provisions of Article 12 may be refused if this would not be permitted by the fundamental principles of the requested State relating to the protection of human rights and fundamental freedoms.

**Chapter IV. Rights of Access**

**Article 21.** An application to make arrangements for organizing or securing the effective exercise of rights of access may be presented to the Central Authorities of the Contracting States in the same way as an application for the return of a child.

The Central Authorities are bound by the obligations of co-operation which are set forth in Article 7 to promote the peaceful enjoyment of access rights and the fulfilment of any conditions to which the exercise of those rights may be subject. The Central Authorities shall take steps to remove, as far as possible, all obstacles to the exercise of such rights. The Central Authorities, either directly or through intermediaries, may initiate or assist in the institution of proceedings with a view to organizing or protecting these rights and securing respect for the conditions to which the exercise of these rights may be subject.

**Chapter V. General Provisions**

**Article 22.** No security, bond or deposit, however described, shall be required to guarantee the payment of costs and expenses in the judicial or administrative proceedings falling within the scope of this Convention.

**Article 23.** No legalization or similar formality may be required in the context of this Convention.

**Article 24.** Any application, communication or other document sent to the Central Authority of the requested State shall be in the original language, and shall be accompanied by a translation into the official language or one of the official languages of the requested State or, where that is not feasible, a translation into French or English.

However, a Contracting State may, by making a reservation in accordance with Article 42, object to the use of either French or English, but not both, in any application, communication or other document sent to its Central Authority.

**Article 25.** Nationals of the Contracting States and persons who are habitually resident within those States shall be entitled in matters concerned with the application of this Convention to legal aid and advice in any other Contracting State on the same conditions as if they themselves were nationals of and habitually resident in that State.

**Article 26.** Each Central Authority shall bear its own costs in applying this Convention.

Central Authorities and other public services of Contracting States shall not impose any charges in relation to applications submitted under this Convention. In particular, they may not require any payment from the applicant towards the costs and expenses of the proceedings or, where applicable, those arising from the participation of legal counsel or advisers. However, they may require the payment of the expenses incurred or to be incurred in implementing the return of the child.

However, a Contracting State may, by making a reservation in accordance with Article 42, declare that it shall not be bound to assume any costs referred to in the preceding paragraph resulting from the participation of legal counsel or advisers or from court proceedings, except insofar as those costs may be covered by its system of legal aid and advice.

Upon ordering the return of a child or issuing an order concerning rights of access under this Convention, the judicial or administrative authorities may, where appropriate, direct the person who removed or retained the child, or who prevented the exercise of rights of access, to pay necessary expenses incurred by or on behalf of the applicant, including travel expenses, any costs incurred or payments made for locating the child, the costs of legal representation of the applicant, and those of returning the child.

**Article 27.** When it is manifest that the requirements of this Convention are not fulfilled or that the application is otherwise not well founded, a Central Authority is not bound to accept the application. In that case, the Central Authority shall forthwith inform the applicant or the Central Authority through which the application was submitted; as the case may be, of its reasons.

**Article 28.** A Central Authority may require that the application be accompanied by a written authorization empowering it to act on behalf of the applicant, or to designate a representative so to act.

**Article 29.** This Convention shall not preclude any person, institution or body who claims that there has been a breach of custody or access rights within the meaning of Article 3 or 21 from applying directly to the judicial or administrative authorities of a Contracting State, whether or not under the provisions of this Convention.

**Article 30.** Any application submitted to the Central Authorities or directly to the judicial or administrative authorities of a Contracting State in accordance with the terms of this Convention, together with documents and any other information appended thereto or provided by a Central Authority, shall be admissible in the courts or administrative authorities of the Contracting States.

**Article 31.** In relation to a State which in matters of custody of children has two or more systems of law applicable in

different territorial units--

a. any reference to habitual residence in that State shall be construed as referring to habitual residence in a territorial unit of that State;

b. any reference to the law of the State of habitual residence shall be construed as referring to the law of the territorial unit in that State where the child habitually resides.

**Article 32.** In relation to a State which in matters of custody of children has two or more systems of law applicable to different categories of persons, any reference to the law of that State shall be construed as referring to the legal system specified by the law of that State.

**Article 33.** A State within which different territorial units have their own rules of law in respect of custody of children shall not be bound to apply this Convention where a State with a unified system of law would not be bound to do so.

**Article 34.** This Convention shall take priority in matters within its scope over the *Convention of 5 October 1961 concerning the powers of authorities and the law applicable in respect of the protection of minors,* as between Parties to both Conventions. Otherwise the present Convention shall not restrict the application of an international instrument in force between the State of origin and the State addressed or other law of the State addressed for the purposes of obtaining the return of a child who has been wrongfully removed or retained or of organizing access rights.

**Article 35.** This Convention shall apply as between Contracting States only to wrongful removals or retentions occurring after its entry into force in those States.

Where a declaration has been made under Article 39 or 40, the reference in the preceding paragraph to a Contracting State shall be taken to refer to the territorial unit or units in relation to which this Convention applies.

**Article 36.** Nothing in this Convention shall prevent two or more Contracting States, in order to limit the restrictions to which the return of the child may be subject, from agreeing among themselves to derogate from any provisions of this Convention which may imply such a restriction.

**Chapter VI. Final Clauses**

**Article 37.** The Convention shall be open for signature by the States which were Members of the Hague Conference on Private International Law at the time of its Fourteenth Session. It shall be ratified, accepted or approved and the instruments of ratification, acceptance or approval shall be deposited with the Ministry of Foreign Affairs of the Kingdom of the Netherlands.

**Article 38.** Any other State may accede to the Convention. The instrument of accession shall be deposited with the Ministry of Foreign Affairs of the Kingdom of the Netherlands.

The Convention shall enter into force for a State acceding to it on the first day of the third calendar month after the deposit of its instrument of accession.

The accession will have effect only as regards the relations between the acceding State and such Contracting States as will have declared their acceptance of the accession. Such a declaration will also have to be made by any Member State ratifying, accepting or approving the Convention after an accession. Such declaration shall be deposited at the Ministry of Foreign Affairs of the Kingdom of the Netherlands; this Ministry shall forward, through diplomatic channels, a certified copy to each of the Contracting States.

The Convention will enter into force as between the acceding State and the State that has declared its acceptance of the accession on the first day of the third calendar month after the deposit of the declaration of acceptance.

**Article 39.** Any State may, at the time of signature, ratification, acceptance, approval or accession, declare that the Convention shall extend to all the territories for the international relations of which it is responsible, or to one or more of them. Such a declaration shall take effect at the time the Convention enters into force for that State.

Such declaration, as well as any subsequent extension, shall be notified to the Ministry of Foreign Affairs of the Kingdom of the Netherlands.

**Article 40.** If a Contracting State has two or more territorial units in which different systems of law are applicable in relation to matters dealt with in this Convention, it may at the time of signature, ratification, acceptance, approval or accession declare that this Convention shall extend to all its territorial units or only to one or more of them and may modify this declaration by submitting another declaration at any time.

Any such declaration shall be notified to the Ministry of Foreign Affairs of the Kingdom of the Netherlands and shall state expressly the territorial units to which the Convention applies.

**Article 41.** Where a Contracting State has a system of government under which executive, judicial and legislative powers are distributed between central and other authorities within that State, its signature or ratification, acceptance or approval of, or accession to this Convention, or its making of any declaration in terms of Article 40 shall carry no implication as to the internal distribution of powers within that State.

**Article 42.** Any State may, not later than the time of ratification, acceptance, approval or accession, or at the time of making a declaration in terms of Article 39 or 40, make one or both of the reservations provided for in Article 24 and Article 26, third paragraph. No other reservation shall be permitted.

Any State may at any time withdraw a reservation it has made. The withdrawal shall be notified to the Ministry of Foreign Affairs of the Kingdom of the Netherlands. The reservation shall cease to have effect on the first day of the third calendar month after the notification referred to in the preceding paragraph.

**Article 43.** The Convention shall enter into force on the first day of the third calendar month after the deposit of the third instrument of ratification, acceptance, approval or accession referred to in Articles 37 and 38.

Thereafter the Convention shall enter into force--

1. for each State ratifying, accepting, approving or acceding to it subsequently, on the first day of the third calendar month after the deposit of its instrument of ratification, acceptance, approval or accession;
2. for any territory or territorial unit to which the Convention has been extended in conformity with Article 39 or 40, on the first day of the third calendar month after the notification referred to in that Article.

**Article 44.** The Convention shall remain in force for five years from the date of its entry into force in accordance with the first paragraph of Article 43 even for States which subsequently have ratified, accepted, approved it or acceded to it. If there has been no denunciation, it shall be renewed tacitly every five years.

Any denunciation shall be notified to the Ministry of Foreign Affairs of the Kingdom of the Netherlands at least six months before the expiry of the five year period. It may be limited to certain of the territories or territorial units to which the Convention applies.

The denunciation shall have effect only as regards the State which has notified it. The Convention shall remain in force for the other Contracting States.

**Article 45.** The Ministry of Foreign Affairs of the Kingdom of the Netherlands shall notify the States Members of the

Conference, and the States which have acceded in accordance with Article 38, of the following--

1. the signatures and ratifications, acceptances and approvals referred to in Article 37;
2. the accessions referred to in Article 38;
3. the date on which the Convention enters into force in accordance with Article 43;
4. the extensions referred to in Article 39;
5. the declarations referred to in Articles 38 and 40;
6. the reservations referred to in Article 24 and Article 26, third paragraph, and the withdrawals referred to in Article 42;
7. the denunciations referred to in Article 44.

In witness whereof the undersigned, being duly authorized thereto, have signed this Convention.

Done at The Hague, on the 25th day of October, 1980, in the English and French languages, both texts being equally authentic, in a single copy which shall be deposited in the archives of the Government of the Kingdom of the Netherlands, and of which a certified copy shall be sent, through diplomatic channels, to each of the States Members of the Hague Conference on Private International Law at the date of its Fourteenth Session.

**HISTORY; ANCILLARY LAWS AND DIRECTIVES**

Other provisions:

**Parties to the Hague Convention on the Civil Aspects of International Child Abduction, as of June 16, 2005.** The Hague Convention on the Civil Aspects of International Child Abduction applies in the following States or territories as a result of ratification, acceptance or approval (the date given is the date of entry into force):

**Argentina**, June 1, 1991
**Australia** (only for the Australian States and mainland Territories), Jan. 1, 1987
**Austria**, Oct. 1, 1988
**Belgium**, May 1, 1999
**Bosnia and Herzegovina**, Dec. 1, 1991
**Canada**, Dec. 1, 1983
**China, Hong Kong Special Administrative Region only**, Sept. 1, 1997
**China, Macau Special Administrative Region only**, March 1, 1999
**Croatia**, Dec. 1, 1991
**Czech Republic**, March 1, 1998
**Denmark** (except the Faroe Islands and Greenland), July 1, 1991
**Finland**, Aug. 1, 1994
**France** (for the whole of the territory of the French Republic), Dec. 1, 1983
**Germany**, Dec. 1, 1990
**Greece**, June 1, 1993
**Ireland**, Oct. 1, 1991
**Israel**, Dec. 1, 1991
**Italy**, May 1, 1995
**Luxembourg**, Jan. 1, 1987
**Macedonia, the former Yugoslav Republic of**, Dec. 1, 1991
**Netherlands** (for the Kingdom in Europe), Sept. 1, 1990
**Norway**, April 1, 1989
**Portugal**, Dec. 1, 1983
**Serbia and Montenegro**, Dec. 1, 1991
**Slovakia**, Feb. 1, 2001

UNITED STATES CODE SERVICE
Copyright © 2006 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

*** CURRENT THROUGH 109TH CONGRESS 2ND SESSION ***

TITLE 42. THE PUBLIC HEALTH AND WELFARE
CHAPTER 121. INTERNATIONAL CHILD ABDUCTION REMEDIES

**Go to Code Archive Directory for this Jurisdiction**

*42 USCS § 11601*

§ 11601. Findings and declarations

(a) Findings. The Congress makes the following findings:
(1) The international abduction or wrongful retention of children is harmful to their well-being.
(2) Persons should not be permitted to obtain custody of children by virtue of their wrongful removal or retention.
(3) International abductions and retentions of children are increasing, and only concerted cooperation pursuant to an international agreement can effectively combat this problem.
(4) The Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980, establishes legal rights and procedures for the prompt return of children who have been wrongfully removed or retained, as well as for securing the exercise of visitation rights. Children who are wrongfully removed or retained within the meaning of the Convention are to be promptly returned unless one of the narrow exceptions set forth in the Convention applies. The Convention provides a sound treaty framework to help resolve the problem of international abduction and retention of children and will deter such wrongful removals and retentions.

(b) Declarations. The Congress makes the following declarations:
(1) It is the purpose of this Act to establish procedures for the implementation of the Convention in the United States.
(2) The provisions of this Act are in addition to and not in lieu of the provisions of the Convention.
(3) In enacting this Act the Congress recognizes--
(A) the international character of the Convention; and
(B) the need for uniform international interpretation of the Convention.
(4) The Convention and this Act empower courts in the United States to determine only rights under the Convention and not the merits of any underlying child custody claims.

**HISTORY:**
(April 29, 1988, P.L. 100-300, § 2, 102 Stat. 437.)

**HISTORY; ANCILLARY LAWS AND DIRECTIVES**

References in text:
"This Act", referred to in this section, is Act April 29, 1988, P.L. 100-300, 102 Stat. 437, which generally appears as *42 USCS §§ 11601* et seq. For full classification of such Act, consult USCS Tables volumes.

2 of 12 DOCUMENTS

UNITED STATES CODE SERVICE
Copyright © 2006 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

*** CURRENT THROUGH 109TH CONGRESS 2ND SESSION ***

TITLE 42. THE PUBLIC HEALTH AND WELFARE
CHAPTER 121. INTERNATIONAL CHILD ABDUCTION REMEDIES

**Go to Code Archive Directory for this Jurisdiction**

*42 USCS § 11602*

§ 11602. Definitions

For the purposes of this Act--

(1) the term "applicant" means any person who, pursuant to the Convention, files an application with the United States Central Authority or a Central Authority of any other party to the Convention for the return of a child alleged to have been wrongfully removed or retained or for arrangements for organizing or securing the effective exercise of rights of access pursuant to the Convention;

(2) the term "Convention" means the Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980;

(3) the term "Parent Locator Service" means the service established by the Secretary of Health and Human Services under section 453 of the Social Security Act (*42 U.S.C. 653*);

(4) the term "petitioner" means any person who, in accordance with this Act, files a petition in court seeking relief under the Convention;

(5) the term "person" includes any individual, institution, or other legal entity or body;

(6) the term "respondent" means any person against whose interests a petition is filed in court, in accordance with this Act, which seeks relief under the Convention;

(7) the term "rights of access" means visitation rights;

(8) the term "State" means any of the several States, the District of Columbia, and any commonwealth, territory, or possession of the United States; and

(9) the term "United States Central Authority" means the agency of the Federal Government designated by the President under section 7(a) [*42 USCS § 11606(a)*].

**HISTORY:**

(April 29, 1988, P.L. 100-300, § 3, 102 Stat. 438.)

**HISTORY; ANCILLARY LAWS AND DIRECTIVES**

References in text:

"This Act", referred to in this section, is Act April 29, 1988, P.L. 100-300, 102 Stat. 437, which generally appears as *42 USCS §§ 11601* et seq. For full classification of such Act, consult USCS Tables volumes.

**NOTES:**

3 of 12 DOCUMENTS

UNITED STATES CODE SERVICE
Copyright © 2006 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

*** CURRENT THROUGH 109TH CONGRESS 2ND SESSION ***

TITLE 42. THE PUBLIC HEALTH AND WELFARE
CHAPTER 121. INTERNATIONAL CHILD ABDUCTION REMEDIES

**Go to Code Archive Directory for this Jurisdiction**

*42 USCS § 11603*

§ 11603. Judicial remedies

(a) Jurisdiction of the courts. The courts of the States and the United States district courts shall have concurrent original jurisdiction of actions arising under the Convention.

(b) Petitions. Any person seeking to initiate judicial proceedings under the Convention for the return of a child or for arrangements for organizing or securing the effective exercise of rights of access to a child may do so by commencing a civil action by filing a petition for the relief sought in any court which has jurisdiction of such action and which is authorized to exercise its jurisdiction in the place where the child is located at the time the petition is filed.

(c) Notice. Notice of an action brought under subsection (b) shall be given in accordance with the applicable law governing notice in interstate child custody proceedings.

(d) Determination of case. The court in which an action is brought under subsection (b) shall decide the case in accordance with the Convention.

(e) Burdens of proof.
(1) A petitioner in an action brought under subsection (b) shall establish by a preponderance of the evidence--
(A) in the case of an action for the return of a child, that the child has been wrongfully removed or retained within the meaning of the Convention; and
(B) in the case of an action for arrangements for organizing or securing the effective exercise of rights of access, that the petitioner has such rights.
(2) In the case of an action for the return of a child, a respondent who opposes the return of the child has the burden of establishing--
(A) by clear and convincing evidence that one of the exceptions set forth in article 13b or 20 of the Convention applies; and
(B) by a preponderance of the evidence that any other exception set forth in article 12 or 13 of the Convention applies.

(f) Application of the Convention. For purposes of any action brought under this Act--
(1) the term "authorities", as used in article 15 of the Convention to refer to the authorities of the state of the habitual residence of a child, includes courts and appropriate government agencies;
(2) the terms "wrongful removal or retention" and "wrongfully removed or retained", as used in the Convention,

include a removal or retention of a child before the entry of a custody order regarding that child; and

(3) the term "commencement of proceedings", as used in article 12 of the Convention, means, with respect to the return of a child located in the United States, the filing of a petition in accordance with subsection (b) of this section.

(g) Full faith and credit. Full faith and credit shall be accorded by the courts of the States and the courts of the United States to the judgment of any other such court ordering or denying the return of a child, pursuant to the Convention, in an action brought under this Act.

(h) Remedies under the Convention not exclusive. The remedies established by the Convention and this Act shall be in addition to remedies available under other laws or international agreements.

**HISTORY:**

(April 29, 1988, P.L. 100-300, § 4, 102 Stat. 438.)

**HISTORY; ANCILLARY LAWS AND DIRECTIVES**

References in text:

"This Act", referred to in this section, is Act April 29, 1988, P.L. 100-300, 102 Stat. 437, which generally appears as *42 USCS §§ 11601* et seq. For full classification of such Act, consult USCS Tables volumes.

**NOTES:**

Related Statutes & Rules:

This section is referred to in *42 USCS §§ 11604, 11605, 11607.*

Research Guide:

Federal Procedure:

13 Fed Proc L Ed, Foreign Relations §§ 36:147, 153-158.

Am Jur:

*1 Am Jur 2d, Abduction and Kidnapping §§ 21, 36.*

Interpretive Notes and Decisions:

1. Applicability 2. Right of custody 3. Child's habitual residence 4. Wrongful removal or retention of child 5. Exceptions to return requirement 6. --Child settled in new environment 7. --Grave risk of harm 8. --Maturity of child 9. Jurisdiction 10. Abstension 11. Notice and hearing 12. Fugitive disentitlement doctrine 13. Immunity 14. Sufficiency of evidence 15. Full faith and credit requirement 16. Appeal and review 17. Miscellaneous

**1. Applicability**

UNITED STATES CODE SERVICE
Copyright © 2006 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

*** CURRENT THROUGH 109TH CONGRESS 2ND SESSION ***

TITLE 42. THE PUBLIC HEALTH AND WELFARE
CHAPTER 121. INTERNATIONAL CHILD ABDUCTION REMEDIES

**Go to Code Archive Directory for this Jurisdiction**

*42 USCS § 11604*

§ 11604. Provisional remedies

(a) Authority of courts. In furtherance of the objectives of article 7(b) and other provisions of the Convention, and subject to the provisions of subsection (b) of this section, any court exercising jurisdiction of an action brought under section 4(b) of this Act *[42 USCS § 11630*(b)] may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition.

(b) Limitation on authority. No court exercising jurisdiction of an action brought under section 4(b) [*42 USCS § 11603(b)*] may, under subsection (a) of this section, order a child removed from a person having physical control of the child unless the applicable requirements of State law are satisfied.

**HISTORY:**
(April 29, 1988, P.L. 100-300, § 5, 102 Stat. 439.)

**NOTES:**

Research Guide:

Federal Procedure:
13 Fed Proc L Ed, Foreign Relations § 36:155.

Interpretive Notes and Decisions:
1. Ex parte orders 2. --Relief denied

**1. Ex parte orders**

Ex parte order to seize children who were allegedly wrongfully removed from their habitual residence in Canada is issued by federal District Court in Pennsylvania pursuant to *42 USCS § 11604*, where mother apparently fled with children to her parents' home in Pennsylvania while father was on his usual weekly trucking run, and concern exists that

UNITED STATES CODE SERVICE
Copyright © 2006 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

*** CURRENT THROUGH 109TH CONGRESS 2ND SESSION ***

TITLE 42. THE PUBLIC HEALTH AND WELFARE
CHAPTER 121. INTERNATIONAL CHILD ABDUCTION REMEDIES

**Go to Code Archive Directory for this Jurisdiction**

*42 USCS § 11605*

§ 11605. Admissibility of documents

With respect to any application to the United States Central Authority, or any petition to a court under section 4 [*42 USCS § 11603*], which seeks relief under the Convention, or any other documents or information included with such application or petition or provided after such submission which relates to the application or petition, as the case may be, no authentication of such application, petition, document, or information shall be required in order for the application, petition, document, or information to be admissible in court.

**HISTORY:**

(April 29, 1988, P.L. 100-300, § 6, 102 Stat. 439.)

**NOTES:**

Research Guide:

Federal Procedure:

13 Fed Proc L Ed, Foreign Relations § 36:148.

Interpretive Notes and Decisions:

Since there is no requirement under Hague Convention on the Civil Aspects of International Child Abduction or International Child Abduction Remedies Act (*42 USCS §§ 11601* et seq.) that discovery be allowed or that evidentiary hearing be conducted, court is given authority to resolve cases brought thereunder without resorting to full trial on merits or plenary evidentiary hearing; consequently, cases brought thereunder are appropriate for resolution by summary judgment. *March v Levine (2001, CA6 Tenn) 249 F3d 462, 2001 FED App 126P,* reh den (2001, CA6) *2001 US App LEXIS 16100,* cert den *(2002) 534 US 1080, 151 L Ed 2d 695, 122 S Ct 810.*

UNITED STATES CODE SERVICE
Copyright © 2006 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

*** CURRENT THROUGH 109TH CONGRESS 2ND SESSION ***

TITLE 42. THE PUBLIC HEALTH AND WELFARE
CHAPTER 121. INTERNATIONAL CHILD ABDUCTION REMEDIES

**Go to Code Archive Directory for this Jurisdiction**

*42 USCS § 11606*

§ 11606. United States Central Authority

(a) Designation. The President shall designate a Federal agency to serve as the Central Authority for the United States under the Convention.

(b) Functions. The functions of the United States Central Authority are those ascribed to the Central Authority by the Convention and this Act.

(c) Regulatory authority. The United States Central Authority is authorized to issue such regulations as may be necessary to carry out its functions under the Convention and this Act.

(d) Obtaining information from Parent Locator Service. The United States Central Authority may, to the extent authorized by the Social Security Act [*42 USCS §§ 301* et seq.], obtain information from the Parent Locator Service.

(e) Grant authority. The United States Central Authority is authorized to make grants to, or enter into contracts or agreements with, any individual, corporation, other Federal, State, or local agency, or private entity or organization in the United States for purposes of accomplishing its responsibilities under the Convention and this Act.

(f) Limited liability of private entities acting under the direction of the United States Central Authority.

(1) Limitation on liability. Except as provided in paragraphs (2) and (3), a private entity or organization that receives a grant from or enters into a contract or agreement with the United States Central Authority under subsection (e) of this section for purposes of assisting the United States Central Authority in carrying out its responsibilities and functions under the Convention and this Act, including any director, officer, employee, or agent of such entity or organization, shall not be liable in any civil action sounding in tort for damages directly related to the performance of such responsibilities and functions as defined by the regulations issued under subsection (c) of this section that are in effect on October 1, 2004.

(2) Exception for intentional, reckless, or other misconduct. The limitation on liability under paragraph (1) shall not apply in any action in which the plaintiff proves that the private entity, organization, officer, employee, or agent described in paragraph (1), as the case may be, engaged in intentional misconduct or acted, or failed to act, with actual malice, with reckless disregard to a substantial risk of causing injury without legal justification, or for a purpose unrelated to the performance of responsibilities or functions under this Act.

(3) Exception for ordinary business activities. The limitation on liability under paragraph (1) shall not apply to any alleged act or omission related to an ordinary business activity, such as an activity involving general administration or

UNITED STATES CODE SERVICE
Copyright © 2006 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

*** CURRENT THROUGH 109TH CONGRESS 2ND SESSION ***

TITLE 42. THE PUBLIC HEALTH AND WELFARE
CHAPTER 121. INTERNATIONAL CHILD ABDUCTION REMEDIES

**Go to Code Archive Directory for this Jurisdiction**

*42 USCS § 11607*

§ 11607. Costs and fees

(a) Administrative costs. No department, agency, or instrumentality of the Federal Government or of any State or local government may impose on an applicant any fee in relation to the administrative processing of applications submitted under the Convention.

(b) Costs incurred in civil actions.
(1) Petitioners may be required to bear the costs of legal counsel or advisors, court costs incurred in connection with their petitions, and travel costs for the return of the child involved and any accompanying persons, except as provided in paragraphs (2) and (3).
(2) Subject to paragraph (3), legal fees or court costs incurred in connection with an action brought under section 4 [*42 USCS § 11603*] shall be borne by the petitioner unless they are covered by payments from Federal, State, or local legal assistance or other programs.
(3) Any court ordering the return of a child pursuant to an action brought under section 4 [*42 USCS § 11603*] shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

**HISTORY:**
(April 29, 1988, P.L. 100-300, § 8, 102 Stat. 440.)

**NOTES:**

Research Guide:

Federal Procedure:
13 Fed Proc L Ed, Foreign Relations § 36:149.

Am Jur:
*3C Am Jur 2d, Aliens and Citizens § 2187.*

8 of 12 DOCUMENTS

UNITED STATES CODE SERVICE
Copyright © 2006 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

*** CURRENT THROUGH 109TH CONGRESS 2ND SESSION ***

TITLE 42. THE PUBLIC HEALTH AND WELFARE
CHAPTER 121. INTERNATIONAL CHILD ABDUCTION REMEDIES

**Go to Code Archive Directory for this Jurisdiction**

*42 USCS § 11608*

§ 11608. Collection, maintenance, and dissemination of information

(a) In general. In performing its functions under the Convention, the United States Central Authority may, under such conditions as the Central Authority prescribes by regulation, but subject to subsection (c), receive from or transmit to any department, agency, or instrumentality of the Federal Government or of any State or foreign government, and receive from or transmit to any applicant, petitioner, or respondent, information necessary to locate a child or for the purpose of otherwise implementing the Convention with respect to a child, except that the United States Central Authority--

(1) may receive such information from a Federal or State department, agency, or instrumentality only pursuant to applicable Federal and State statutes; and

(2) may transmit any information received under this subsection notwithstanding any provision of law other than this Act.

(b) Requests for information. Requests for information under this section shall be submitted in such manner and form as the United States Central Authority may prescribe by regulation and shall be accompanied or supported by such documents as the United States Central Authority may require.

(c) Responsibility of government entities. Whenever any department, agency, or instrumentality of the United States or of any State receives a request from the United States Central Authority for information authorized to be provided to such Central Authority under subsection (a), the head of such department, agency, or instrumentality shall promptly cause a search to be made of the files and records maintained by such department, agency, or instrumentality in order to determine whether the information requested is contained in any such files or records. If such search discloses the information requested, the head of such department, agency, or instrumentality shall immediately transmit such information to the United States Central Authority, except that any such information the disclosure of which--

(1) would adversely affect the national security interests of the United States or the law enforcement interests of the United States or of any State; or

(2) would be prohibited by *section 9 of title 13, United States Code*;

shall not be transmitted to the Central Authority. The head of such department, agency, or instrumentality shall, immediately upon completion of the requested search, notify the Central Authority of the results of the search, and whether an exception set forth in paragraph (1) or (2) applies. In the event that the United States Central Authority receives information and the appropriate Federal or State department, agency, or instrumentality thereafter notifies the Central Authority that an exception set forth in paragraph (1) or (2) applies to that information, the Central Authority

9 of 12 DOCUMENTS

UNITED STATES CODE SERVICE
Copyright © 2006 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

*** CURRENT THROUGH 109TH CONGRESS 2ND SESSION ***

TITLE 42. THE PUBLIC HEALTH AND WELFARE
CHAPTER 121. INTERNATIONAL CHILD ABDUCTION REMEDIES

**Go to Code Archive Directory for this Jurisdiction**

*42 USCS § 11608a*

§ 11608a. Office of Children's Issues

(a) Director requirements. The Secretary of State shall fill the position of Director of the Office of Children's Issues of the Department of State (in this section referred to as the "Office") with an individual of senior rank who can ensure long-term continuity in the management and policy matters of the Office and has a strong background in consular affairs.

(b) Case officer staffing. Effective April 1, 2000, there shall be assigned to the Office of Children's Issues of the Department of State a sufficient number of case officers to ensure that the average caseload for each officer does not exceed 75.

(c) Embassy contact. The Secretary of State shall designate in each United States diplomatic mission an employee who shall serve as the point of contact for matters relating to international abductions of children by parents. The Director of the Office shall regularly inform the designated employee of children of United States citizens abducted by parents to that country.

(d) Reports to parents.
(1) In general. Except as provided in paragraph (2), beginning 6 months after the date of enactment of this Act [enacted Nov. 29, 1999], and at least once every 6 months thereafter, the Secretary of State shall report to each parent who has requested assistance regarding an abducted child overseas. Each such report shall include information on the current status of the abducted child's case and the efforts by the Department of State to resolve the case.
(2) Exception. The requirement in paragraph (1) shall not apply in a case of an abducted child if--
(A) the case has been closed and the Secretary of State has reported the reason the case was closed to the parent who requested assistance; or
(B) the parent seeking assistance requests that such reports not be provided.

**HISTORY:**
(Nov. 29, 1999, P.L. 106-113, Div B, § 1000(a)(7), 113 Stat. 1536.)

**HISTORY; ANCILLARY LAWS AND DIRECTIVES**

Explanatory notes:

This section is based on § 201 of Subtitle A of Title II of Division A of H.R. 3427 (113 Stat. 1501A-419), as introduced on Nov. 17, 1999, which was enacted into law by § 1000(a)(7) of Act Nov. 29, 1999, P.L. 106-113.

This section was enacted as part of Act Nov. 29, 1999, P.L. 106-113, and not as part of Act April 29, 1988, P.L. 100-300, which generally comprises this chapter.

UNITED STATES CODE SERVICE
Copyright © 2006 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

*** CURRENT THROUGH 109TH CONGRESS 2ND SESSION ***

TITLE 42. THE PUBLIC HEALTH AND WELFARE
CHAPTER 121. INTERNATIONAL CHILD ABDUCTION REMEDIES

**Go to Code Archive Directory for this Jurisdiction**

*42 USCS § 11609*

§ 11609. Interagency coordinating group

The Secretary of State, the Secretary of Health and Human Services, and the Attorney General shall designate Federal employees and may, from time to time, designate private citizens to serve on an interagency coordinating group to monitor the operation of the Convention and to provide advice on its implementation to the United States Central Authority and other Federal agencies. This group shall meet from time to time at the request of the United States Central Authority. The agency in which the United States Central Authority is located is authorized to reimburse such private citizens for travel and other expenses incurred in participating at meetings of the interagency coordinating group at rates not to exceed those authorized under subchapter I of chapter 57 of *title 5, United States Code [5* USCS §§ 5701 et seq.], for employees of agencies.

**HISTORY:**

(April 29, 1988, P.L. 100-300, § 10, 102 Stat. 441.)

11 of 12 DOCUMENTS

UNITED STATES CODE SERVICE
Copyright © 2006 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

*** CURRENT THROUGH 109TH CONGRESS 2ND SESSION ***

TITLE 42. THE PUBLIC HEALTH AND WELFARE
CHAPTER 121. INTERNATIONAL CHILD ABDUCTION REMEDIES

**Go to Code Archive Directory for this Jurisdiction**

*42 USCS § 11610*

§ 11610. Authorization of appropriations

There are authorized to be appropriated for each fiscal year such sums as may be necessary to carry out the purposes of the Convention and this Act.

**HISTORY:**

(April 29, 1988, P.L. 100-300, § 12, 102 Stat. 442.)

**HISTORY; ANCILLARY LAWS AND DIRECTIVES**

References in text:

"This Act", referred to in this section, is Act April 29, 1988, P.L. 100-300, 102 Stat. 437, which generally appears as *42 USCS §§ 11601* et seq. For full classification of such Act, consult USCS Tables volumes.

UNITED STATES CODE SERVICE
Copyright © 2006 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

*** CURRENT THROUGH 109TH CONGRESS 2ND SESSION ***

TITLE 42. THE PUBLIC HEALTH AND WELFARE
CHAPTER 121. INTERNATIONAL CHILD ABDUCTION REMEDIES

**Go to Code Archive Directory for this Jurisdiction**

*42 USCS § 11611*

§ 11611. Report on compliance with the Hague Convention on International Child Abduction

(a) In general. Beginning 6 months after the date of the enactment of this Act [enacted Oct. 21, 1998] and every 12 months thereafter, the Secretary of State shall submit a report to the appropriate congressional committees on the compliance with the provisions of the Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980, by the signatory countries of the Convention. Each such report shall include the following information:

(1) The number of applications for the return of children submitted by applicants in the United States to the Central Authority for the United States that remain unresolved more than 18 months after the date of filing.

(2) A list of the countries to which children in unresolved applications described in paragraph (1) are alleged to have been abducted, are being wrongfully retained in violation of United States court orders, or which have failed to comply with any of their obligations under such convention with respect to applications for the return of children, access to children, or both, submitted by applicants in the United States.

(3) A list of the countries that have demonstrated a pattern of noncompliance with the obligations of the Convention with respect to applications for the return of children, access to children, or both, submitted by applicants in the United States to the Central Authority for the United States.

(4) Detailed information on each unresolved case described in paragraph (1) and on actions taken by the Department of State to resolve each such case, including the specific actions taken by the United States chief of mission in the country to which the child is alleged to have been abducted.

(5) Information on efforts by the Department of State to encourage other countries to become signatories of the Convention.

(6) A list of the countries that are parties to the Convention in which, during the reporting period, parents who have been left-behind in the United States have not been able to secure prompt enforcement of a final return or access order under a Hague proceeding, of a United States custody, access, or visitation order, or of an access or visitation order by authorities in the country concerned, due to the absence of a prompt and effective method for enforcement of civil court orders, the absence of a doctrine of comity, or other factors.

(7) A description of the efforts of the Secretary of State to encourage the parties to the Convention to facilitate the work of nongovernmental organizations within their countries that assist parents seeking the return of children under the Convention.

(b) Definition. In this section, the term "Central Authority for the United States" has the meaning given the term in Article 6 of the Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980.

**HISTORY:**

(Oct. 21, 1998, P.L. 105-277, Div G, Subdivision B, Title XXVIII, § 2803, 112 Stat. 2681-846; Nov. 29, 1999, P.L. 106-113, Div B, § 1000(a)(7), 113 Stat. 1536; Sept. 30, 2002, P.L. 107-228, Div A, Title II, Subtitle A, § 212, 116 Stat. 1365.)

**HISTORY; ANCILLARY LAWS AND DIRECTIVES**

Explanatory notes:

The amendment made by § 1000(a)(7) of Act Nov. 29, 1999, P.L. 106-113, is based on § 202 of Subtitle A of Title II of Division A of H.R. 3427 (113 Stat. 1501A-420), as introduced on Nov. 17, 1999, which was enacted into law by such § 1000(a)(7).

This section was enacted as part of Act Oct. 21, 1998, P.L. 105-277, and not as part of Act April 29, 1988, P.L. 100-300, which generally comprises this chapter.

Amendments:

1999. Act Nov. 29, 1999, in subsec. (a), in the introductory matter, substituted "2001" for "1999", in para. (1), substituted "applicants in the United States" for "United States citizens", in para. (2), substituted "abducted, are being wrongfully retained in violation of United States court orders, or which have failed to comply with any of their obligations under such convention with respect to applications for the return of children, access to children, or both, submitted by applicants in the United States." for "abducted.", in para. (3), substituted "children, access to children, or both," for "children" and substituted "applicants in the United States" for "United States citizens", in para. (4), inserted ", including the specific actions taken by the United States chief of mission in the country to which the child is alleged to have been abducted", and added paras. (5) and (6).

2002. Act Sept. 30, 2002, in subsec. (a), in the introductory matter, deleted "during the period ending September 30, 2001" following "thereafter".