IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In re the Application of: | **REQUEST FOR EMERGENCY RELIEF** |
| DOMINIK KUFNER<br>Stefanieweg 11<br>82335 Berg-Mörlbach, Germany | CA 07 046 S |
| Plaintiff (Petitioner), | Case No. |
| vs. | |
| TINA KUFNER<br>Gut Racherbach<br>82407 Wielenbach, Germany | |
| Defendant (Respondent) | |

**PETITION FOR RETURN OF CHILDREN TO PLAINTIFF PURSUANT TO 42 U.S.C. § 11601 ET SEQ., (THE INTERNATIONAL CHILD ABDUCTION REMEDIES ACT)**

**INTRODUCTION**

1. Plaintiff, Dominik Kufner, married defendant Tina Kufner in Munich, Germany on August 31, 1996. Two children were born in Munich, Joseph on September 3, 1998 and Matthias on September 12, 1999. The children are now 8 and 7 years old respectively.

2. Since the boys' father is a German citizen and their mother an American citizen, they have dual citizenship in Germany and America. They have lived their entire lives in Germany and are presently enrolled in the Starnberg International School. Their parents share joint custody: 6 days with the father and 8 days with the mother (pursuant to an Order in divorce proceedings pending in Germany).

3. The father, sensing that the mother may kidnap the children to America, brought an action in the German Court seeking the Court's protection from such action. The mother agreed not to leave the country with the children and to deposit the children's United States Passports with the U.S. Consulate. This agreement was entered into the Court's record on December 20, 2006 and approved as a Court Order.

4. On January 23, 2007, Plaintiff received notice that the children were not in school. He repeatedly tried to reach the Defendant, who refused to provide any information regarding the whereabouts of the children.

5. Pursuant to a Court Order, Plaintiff was to have custody of the children on Thursday, January 25, 2007, but the Defendant failed to deliver the children. The Defendant would not answer her mobile phone, and the Plaintiff discovered that the children's home was empty. The Plaintiff then discovered that the Defendant had illegally obtained the children's Passports from the U.S. Consulate. He then reported the children's' kidnapping to the German authorities.

6. On January 30, 2007, the Defendant contacted the Starnberg International School claiming the children were "sick". The school noted the telephone number from which the mother was calling was located in Cumberland, R.I. When the school official offered to send homework by fax the Defendant abruptly hung up.

7. Plaintiff now seeks this Court's help for the return of his children to their life long home so they may return to school.

## JURISDICTION

8. This action is brought pursuant to The Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980 (hereinafter referred to as the "Convention") and 42 U.S.C. § 11603(b), the International Child Abduction Remedies Act (hereinafter referred to as "ICARA"). The Convention went into effect on July 1, 1988. A copy of the Convention and the ICARA are attached to this Complaint as Exhibit A and Exhibit B respectively and are incorporated as though specifically rewritten herein.

9. The objectives of the Convention are set forth in Article 1(a) and are to secure the prompt return of children wrongfully removed to or retained in any Contracting State; and under Article 1(b) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States.

10. The United States of America has been a Contracting State under the Convention since 1988. Germany has been a Contracting State under the Convention since 1990.

11. This court has jurisdiction pursuant to 42 U.S.C. § 11603.

## COUNT ONE
## RETURN OF CHILDREN TO PLAINTIFF PURSUANT TO THE INTERNATION CHILD ABDUCTION REMIDIES ACT

### I. Plaintiff's Right to Custody

12. Plaintiff incorporates as though specifically rewritten herein all of the allegations contained in Plaintiff's Complaint paragraphs one (1) through eleven (11).

13. Plaintiff has a right to custody of the children within the meaning of Articles Three and Five of the Convention in that Plaintiff is the parent of the children.

14. The Plaintiff at the time of the wrongful removal or retention by Defendant, Tina Kufner, was exercising custody within the meaning of Articles Three and Five of the Convention.

15. At all relevant times, Plaintiff was located in Germany.

16. The Plaintiff's child, Joseph Kufner, was born on September 3, 1998 and will attain sixteen (16) years of age on September 3, 2014, approximately seven (7) years after the date of this application.

17. The Plaintiff's child, Matthias Kufner, was born on September 12, 1999 and will attain sixteen (16) years of age on September 12, 2015, approximately eight (8) years after the date of this application.

18. The children were habitually residents in Germany within the meaning of Article Three of the Convention immediately before the removal of the children from Germany by Defendant.

**II. Defendant's Removal and Retention of the Children**

19. On or about January 23, 2007, Defendant wrongfully removed the children from Germany within the meaning of Article Three of the Convention and continues to wrongfully retain the children in the United States of America despite efforts on the part of the Plaintiff to have the children returned.

20. The children are presently in the State of Rhode Island, Providence County, Country of the United States of America and within the territorial jurisdiction of this Court.

21. Prior to the time the Defendant removed the children from Germany, she was habitually resident (as that term is defined by the Convention) in Munich Germany and has wrongfully removed the children to Cumberland, Providence County, Rhode Island.

### III. Custody Proceedings in Germany

22. The status of custody proceedings in Germany is set forth in Plaintiff's Affidavit, which was filed contemporaneously herewith.

23. Germany has issued an Order for joint custody of the children in favor of Plaintiff 6 out of every 14 days.

24. Plaintiff requests that this Court issue an Order staying any proceedings concerning the custody of the children as required by Article 16 of the Convention.

## COUNT TWO
## WARRANT IN LIEU OF A WRIT OF HABEAS CORPUS

25. Plaintiff incorporates the allegations contained in Plaintiff's Complaint paragraphs one (1) through twenty-four (24) as though specifically rewritten herein.

26. Plaintiff is a person as defined by 42 USC 11602(5) who has a right of custody of Joseph Kufner, born September 3, 1998 and Matthias Kufner, born September 12, 1999 for whom this Complaint has been filed. Such right of custody has been breached within the meaning of Article 3 of the Convention.

27. Joseph Kufner and Matthias Kufner are being illegally held in custody, confinement, or restraint by Tina Kufner.

28. The parents of Joseph Kufner and Matthias Kufner were married on August 31, 1996.

29. On or about January 24, 2007, the Defendant wrongfully removed the children within the meaning of Article 3 of the Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980, and has since failed to return the children to Plaintiff.

30. Plaintiff believes that the Defendant has violated the Joint Custody Order of Germany in that Defendant brought the children to the United States in contravention of the law of Germany without the consent of Plaintiff. After Defendant refused to return the children to their habitual residence in Germany on January 25, 2007, Plaintiff sought a Preliminary Order from the German Court transferring custody to the Plaintiff, which has not yet been ruled on. Plaintiff has also sought a further order of the German Court ordering the Defendant to return the children to the custody of the father. The Plaintiff believes that the Defendant will further conceal the children unless the children are taken into immediate custody by the Court.

31. Plaintiff believes that the children will be carried out of the jurisdiction of the Court by the Defendant.

32. No other application for a Writ of Habeas Corpus or a Warrant in Lieu of Writ has been made by or on behalf of the children in regard to the said restraint.

**WHEREFORE THE PLAINTIFF REQUESTS THAT THE COURT ISSUE THE FOLLOWING ORDERS:**

A. For an Order, delivering the minor children, Joseph Kufner, DOB September 3, 1998 and Matthias Kufner, DOB September 12, 1999 to the custody of the Plaintiff or his agent;

B. For an Order pursuant to 42 U.S.C. §11604 and pending further hearing in this Court, restraining and prohibiting the removal by Defendant of the minor children, Joseph Kufner, DOB September 3, 1998 and Matthias Kufner, DOB September 12, 1999 from the jurisdiction of this Court.

C. For an Order pursuant to 42 U.S.C. § 11604(a) requiring the Defendant to deliver to the custody of the United States Marshall or his authorized agent the possession of the minor children, Joseph Kufner, DOB September 3, 1998 and Matthias Kufner, DOB September 12, 1999 pending hearing upon this Complaint.

D. For an Order requiring the Defendant to post a bond in an amount determined by the Court necessary to secure Defendant's compliance with the Orders of this Court pending further disposition of this matter, said bond to remain in effect until further ordered by the Court.

E. Pursuant to Article 26 of the Convention and 42 U.S.C. § 11607, Plaintiff requests that this Court award all costs and fees incurred by Plaintiff as a result of the wrongful removal of the children by Defendant.

F. For a Warrant in Lieu of a Writ of Habeas Corpus be issued, directing any peace officer in the State of Rhode Island to take the children into custody and forthwith bring the children before this Court.

Respectfully submitted,

January 31, 2007

Charles A. Tamuleviz, Esq. Bar No. 6115
Christopher E. Hultquist, Esq. Bar No. 5264
TAMULEVIZ, HULTQUIST, & BIANCHI, LLP
144 Westminster Street
Providence, Rhode Island 02903
401.490.2939
401.490.2940 (fax)
cat@thbrilaw.com

OF COUNSEL:

Bradford N. Martin
BRADFORD NEAL MARTIN & ASSOCIATES, PA
75 Beattie Place, Ste. 910
Post Office Box 10410
Greenville, South Carolina 29603
864.552.9990
864.552.9992 (fax)

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

IN RE: PETITION OF :
DOMINIK KUFNER :
Plaintiff, :
Petitioner :
VS. : CASE NO. CA 07 0465
TINA KUFNER :
Defendant, :
Respondent :

**MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR RETURN OF CHILDREN TO PLAINTIFF PURSUANT TO 42 U.S.C. § 11601 ET SEQ., (THE INTERNATIONAL CHILD ABDUCTION REMEDIES ACT)**

## I. Statement of Facts and Procedural History

Plaintiff Dominik Kufner married Defendant Tina Kufner in Munich, Germany on August 31, 1996. Two children were born in Munich, Joseph on September 3, 1998 and Matthias on September 12, 1999. The children are now 8 and 7 years old respectively.

Since the boys' father is a German citizen and their mother an American citizen, they have dual citizenship in Germany and America. They have lived their entire lives in Germany and are presently enrolled in Starnberg International School. Their parents share joint custody: 6 (six) days with the father and 8 (eight) days with the mother pursuant to an Order in divorce proceedings pending in Germany.

The father, sensing that the mother may kidnap the children to America, brought an action in a German Court seeking the Court's protection from such action. The mother agreed not to leave the country and to deposit the children's United States Passports with the U.S. Consulate. The agreement was entered into the Court's record on December 20, 2006.

On January 23, 2007, Plaintiff received notice that the children were not in school. He repeatedly tried to reach the Defendant, who refused to give any information regarding the whereabouts of the children.

Plaintiff was to have custody of the children on Thursday, January 25, 2007, but the Defendant failed to deliver the children. The Defendant would not answer her mobile phone, and the Plaintiff discovered that the children's home was empty. The Plaintiff then discovered that the Defendant had illegally obtained the children's Passports from the U.S. Consulate. He then reported the children's kidnapping to the German authorities.

On January 30, 2007, the Defendant contacted the Starnberg International School claiming the children were "sick". The school noted the telephone number from which the mother was calling was located in Cumberland, Rhode Island. When the school official offered to send homework by fax the Defendant abruptly hung up.

Plaintiff now seeks this Court's help for the return of his children to their life long home so they may return to school.

## II. Argument

The International Child Abduction Remedies Act ("ICARA") is the enabling legislation enacted by Congress in order to implement the Hague Convention, 42 U.S.C. § 11601-11610. The Convention, to which both the United States and Germany are signatories, "was enacted in order to protect children internationally from the harmful effects of their wrongful removal or retention and to establish procedures to ensure their prompt return to the State of habitual residence." Hague Convention, Preamble, 51 Fed. Reg. 10,494 at 10,498. The Hague Convention authorizes the Court to determine the merits of the abduction claim, but not the merits of the underlying custody claim. Whallon v. Lynn, 230 F.3d 450, 455 (1st Cir. 2000). The Hague Convention is intended to restore the pre-removal status quo and to discourage parents from crossing international borders in search of more sympathetic forums. Id.

The ICARA requires a petitioner to establish by a preponderance of the evidence that the child or children have been wrongfully removed within the meaning of the Convention. See 42 U.S.C. sec 11603(e)(1)(A). In order to show that the removal or retention was "wrongful," a petitioner is required to demonstrate, first that the child was removed, in violation of the rights of custody of the petitioner, from the state of habitual residence of the child, and second, that those rights of custody were actually being exercised at the time of removal. See Journe v. Journe, 911 F.Supp. 43, 46 (D.P.R. 1995).

Once a petitioner demonstrates that the retention or removal of the children was wrongful within the meaning of the Convention, the court addressing the petition must order the children's return to the country of habitual residence unless the respondent can demonstrate that one of four narrow exceptions applies. Whallon v. Lynn, supra at 454. The four exceptions to the general rule are found in Articles 12, 13(a), 13(b) and 20 of the Convention. Walsh v. Walsh, 221 F.3d 204, 216 (1st Cir. 2000).

## III. Conclusion

For the reasons stated above, in addition to Plaintiff's Petition and attached Affidavit, Plaintiff Dominic Kufner hereby requests the court to issue orders granting emergency relief sought in Plaintiff's Petition for Return of Children to Plaintiff Pursuant to 42 U.S.C. § 11601 et seq.

Plaintiff,
By and through his Attorneys

Charles A. Tamuleviz, Esq. Bar No. 6115
Christopher E. Hultquist, Esq. Bar No. 5264
TAMULEVIZ, HULTQUIST, & BIANCHI, LLP
144 Westminster Street
Providence, Rhode Island 02903
401.490.2939
401.490.2940 (fax)
cat@thbrilaw.com

OF COUNSEL:

Bradford N. Martin
BRADFORD NEAL MARTIN & ASSOCIATES, PA
75 Beattie Place, Ste. 910
Post Office Box 10410
Greenville, South Carolina 29603
864.552.9990
864.552.9992 (fax)

ATTORNEYS FOR PLAINTIFF