IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In re the Application of:<br><br>DOMINIK KUFNER<br>Stefanieweg 11<br>82335 Berg-Mörlbach, Germany<br><br>Plaintiff,<br><br>vs.<br><br>TINA KUFNER<br>Gut Raucherbach<br>82407 Wielenbach, Germany<br><br>Defendant | CA 07 046S<br><br>Case No.<br><br>**AFFIDAVIT OF DOMINIK KUFNER** |

PERSONALLY APPEARED BEFORE ME, the undersigned, whom, being duly sworn, deposes and states as follows:

1. I, Dominik Kufner, am a citizen and resident of Munich, Germany.

2. I married Defendant, Tina Kufner, in Munich Germany on August 31, 1996. From this marriage two children were born in Munich; Joseph on September 3, 1998, and Matthias on September 12, 1999. My children are presently 8 and 7 years old.

3. My wife, Defendant Tina Kufner, is an American citizen but has lived continuously in Germany since 1994.

4. Following severe difficulties in our marriage my wife and I separated in June 2005 and began living in two separate homes. My home was chosen as one of two homes for the children, close to their school and fully equipped with everything the children require. The

children began to alternate between the two homes and things were working out to everyone's satisfaction.

5. Around December 2005, my wife began attempts to limit the times I would spend with the children. At the same time she repeatedly threatened to move with the children to the United States if I did not give her large sums of money. As a result, an initial court hearing took place in March 2006 where the court ordered that I was to spend a significant and regular amount of time with the children, joint custody would be shared between both parents, and no single parent would have the right to relocate with the children to another country without the consent of the other parent. This ruling of March 1, 2006 stabilized the volatile situation and the children were protected from their wrongful removal to the United States (Exhibit "A").

6. In August 2006, the time periods in the court's March ruling expired which started another period of heavy disputes as my wife began to deny me access to my children. She proceeded to apply to the German courts for the right to move with the children to the United States and to obtain sole custody. To achieve this, she made an outrageous claim against me including child pornography and perverse behavior. The German courts activated the "Jugendamt", a state body to protect children and appointed a psychologist to fully investigate these accusations and determine if there was any truth to the claim. Following several meetings and home visits the Jugendamt came to the conclusion that there was no basis for these accusations.

7. The court also appointed a psychologist who issued an intermediate report, after having several sessions with the children and me. This report stated that there was no basis for the accusations and that, in fact, there was a healthy and valuable bond between the father and the children. The psychologist recommended more extensive and regular contact between the

father and the children, and specifically requested that the father spend six days of every two weeks with the children, along with half of all vacations.

8. Following the recommendations of the Jugendamt and the court appointed psychologist, the court ruled on October 18, 2006 as follows: 1) there was no apparent ground arising from the best interests of the children for depriving the father of his access and contact to his children; 2) there is no sufficient and adequate indication to the effect that the father has overstepped any boundaries or taken any inappropriate approach in bringing up his children; 3) it cannot be inferred from the photographs in dispute that the father is a pedophile or inappropriately encourages any sexualized behavior of his children; 4) that the mother has known of the existence of these photographs for a long time, without taking any offense at them or considering them to be an obstacle to the father's access and contact; 5) the children's access and contact to their father on a regular basis is in their best interests; and 6) the mother is enjoined from refusing to grant the father access and contact with his children. A copy of this order is attached as Exhibit B.

9. Since October, my wife did everything she could in order to delay the legal proceedings. Initial trial dates set for October needed to be postponed as she changed attorneys a total of eight times. The psychologist desperately tried to get appointments with her since October without success. She stopped paying rent at the apartment, claiming she wanted to relocate, but made no efforts to find a new location. All of the above actions raised suspicions that she was preparing to leave the country in violation of the court orders.

10. Therefore, an emergency hearing was held on December 20, 2006 that resulted in her agreeing not to remove the children from Germany, and depositing the children's American passports with the U.S. Consulate in Munich where they were to remain until January 30, 2007.

(See December 20, 2006 order – Exhibit C). The fact that the passports were at the U.S. Consulate were confirmed in their letter which is attached as Exhibit D.

11. On Tuesday, January 23, 2007, I received word that the children did not come to school and that my wife reported them sick. I tried to reach her on Tuesday and Wednesday without success. I finally reached her on Wednesday and asked her with respect to the health and location of the children. She refused to give me any information. I then discovered that her apartment was empty and that there was no trace of the children or her. On January 25, 2007, I found out from a friend of my wife that she went to the Consulate and somehow obtained the passports of the children. Her friend informed me that she was required to sign a letter informing her that any attempts to leave with the children would be a violation of law.

12. I continued to attempt to reach my wife on her cell phone to no avail. The children were to be delivered for my visitation on Thursday, January 25, 2007. Of course, they were no where to be found. I therefore filed a criminal report with the German police regarding their kidnapping. The police opened a case with the following case number: BY8332-600-099-07-8. The local police are investigating the illegal removal of the minors under §235 of the German Criminal Code.

13. The children were not returned to school on Monday, January 29, 2007. The children were also not in school on Tuesday, January 30, 2007. However, a school official received a telephone call from my wife claiming the children continued to be ill. My wife was unaware that the school's telephone was able to identify the incoming telephone number. The call originated from Cumberland, Rhode Island, United States, and was the telephone number of my wife's parents, Frank and Fay Melo. When the school official offered to fax homework to

the children, my wife abruptly hung up, realizing that her location and subterfuge were discovered.

14. I am asking this Court to return my children to their lifelong home as soon as possible. I am asking that they be allowed to return to school, as every day goes by they get further and further behind. I believe that my wife has wrongfully removed my children from Germany within the meaning of Article 3 of the Convention and continues to wrongfully retain the children in the United States despite efforts on my part to have the children returned.

15. My German attorney has filed proceedings in German court asking for a declaration awarding me custody of the children due to their wrongful removal from the country. I have not consented in any way for the removal of my children from their habitual residence in Germany and from their schooling here in Germany.

16. I am asking this Court to issue a warrant in lieu of a Writ of Habeas Corpus allowing the U.S. Marshalls to obtain custody of my children and return them to me.

17. I have filed an Application for Assistance Under the Hague Convention on International Child Abduction with the U.S. Department of State on January 29, 2007. A copy of the Application is attached as Exhibit E.

18. I understand that my wife has filed a spurious action in the Rhode Island Family Court claiming that I have "attempted to cause her physical harm" and "placed her in fear of imminent physical harm" ... "on or about past years". This is absolutely not true: I have never in any way attempted to cause her physical harm nor put her in fear of imminent physical harm. Further, she has failed to disclose to the Rhode Island Family Court that there is a pending action between us in Germany.

FURTHER AFFIANT SAYETH NAUGHT.

Dominik Kufner

Sworn before me on this 31st day of January 2007.

DR. TILMAN GOETTE • NOTAR IN MÜNCHEN

Dr. Tilman Goette
NOTARY in MUNICH, GERMANY
Maximiliansplatz 12, 80333 Munich

Dr. Tilman Götte
Notary