UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IN RE: PETITION OF<br><br>DOMINIK KUFNER,<br>Plaintiff,<br>Petitioner,<br><br>VS.<br><br>TINA KUFNER<br>Defendant,<br>Respondent. | C.A. No. 07-046S |

**ORDER**

Following a chambers conference today on Defendant's Motion for Modification of the Court's Ex Parte Emergency Order of February 2, 2007, in which both parties were present, and in consideration of both parties' requests, the Court orders that the Emergency Order is hereby vacated, and the following is hereby Ordered:

1. Neither the Defendant, Tina Kufner, nor any person acting in concert or participating with her shall take any action to remove the children, Joseph Kufner and Matthias Kufner, from within a 100 mile radius of their current residence in Cumberland, Rhode Island, pending a determination of this Court in Plaintiff's Petition for Return of Children.

2. Defendant, Tina Kufner, and the children, Joseph Kufner and Matthias Kufner, shall be allowed reasonable travel around and within Cumberland, Rhode Island, including the area of Massachusetts across the border from Cumberland, without leave of court until the resolution of this matter. If any travel is anticipated outside of this area, but within a 100 mile radius of

the home, including, for example travel to a doctor's appointment, counsel for Defendant is to give notice to counsel for Plaintiff of where they are going and for what purpose.

3. Within 24 hours of this Order, Defendant, Tina Kufner, will surrender the passports of the children, Joseph Kufner and Matthias Kufner, to the Court to be held by the Clerk's Office.

4. Plaintiff or his designated agents may make reasonable efforts to monitor Defendant's compliance with this Order, and Defendant may not unreasonably interfere with their ability to so monitor her compliance; the agents and/or Plaintiff, however, may not engage in any activity which in any way threatens the children or Defendant or could be perceived as harassment or intimidation. Additionally, the agents and/or Plaintiff may not interfere with the daily business of the Defendant and the children.

5. Counsel for both parties will work together to reach a compromise for an alternative means for Plaintiff to monitor Defendant's compliance with this Order not to leave with the children. Counsel will advise the Court when an agreement has been reached.

6. In consultation with the Rhode Island Family Court and Chief Judge Jeremiah S. Jeremiah, Jr., the Temporary Order of Protection from Abuse issued by the Family Court on January 31, 2007 (and any related orders) are hereby stayed, provided, however, that the Rhode Island Family Court shall arrange for supervised visitation pursuant to its Supervised Visitation program.

A copy of this Order shall be directed to the Chief Judge of the Family Court.

Order:

By: [signature]
Deputy Clerk

ENTER:

[signature]
William E. Smith
United States District Judge

Date: 2/5/07