UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DOMINICK KUFNER, Petitioner, v. TINA KUFNER, Respondent. | ) | Civil Action No. 07-~~0138A~~ 46S |

**CERTIFICATION OF TINA KUFNER IN SUPPORT OF MODIFICATION OF *EX PARTE* ORDER**

I, Tina Kufner, first being duly sworn, hereby depose and state:

1. I am the Respondent in the above-captioned action and the mother of two young boys who are the subject of this action (the "Children"). I make this affidavit out of my personal knowledge in support of my motion to modify the *ex parte* order (the "Order") of this Court. Specifically, I seek a modification of the Order that will permit my travel with the Children to Massachusetts and will prevent Petitioner from using private investigators to stalk and/or intimidate my family and me.

2. In an *ex parte* order, this Court has limited my travel with my Children to Rhode Island. In addition, this Court has prohibited any interference with Petitioner's efforts to monitor, or use agents to monitor, my compliance with the travel restriction.

3. I brought my Children to Rhode Island because Petitioner engaged in deviant acts with them. Accompanying this Affidavit is a motion to seal Exhibit A, which contains a sample

of photographs that Petitioner took of the Children. Under any civilized standards, the poses in several of the pictures clearly constitute child pornography.

4. When I discovered these photographs on a computer that Petitioner used in Germany, I attempted to bring them to the attention of my divorce lawyer, a German court, a social services agency, a psychologist and the German police. As an American living abroad who cannot read or write German, I experienced cultural obstacles to my efforts to protect my children. To say the least, child abuse protection efforts are not sophisticated in Germany. The German court reviewed only a portion of the photographs, which did not include the most graphic.

5. As reflected in his Affidavit in this matter, Petitioner does not deny that he took the illicit photographs of the Children. Rather, he attempts to portray his conduct as something less than deviant. His child pornography interests are not limited to the Children. Attached hereto as Exhibit B is a record of his video rentals that reflects his resort to movies with "Jungen," meaning young, porn actors.

6. Attached hereto as Exhibit C is an affidavit of Alexandra Kain, an American au pair the Petitioner hired in Germany. Her statement explains one incident of Petitioner's deviant photography session with the Children. In addition, her statement explains that she quit her position because of advances that Petitioner made in an effort to seduce the young au pair.

<u>Community Ties</u>

7. There is no need to restrict my travel with my Children to Rhode Island because I have substantial ties to this community and wish to remain here for their safety. I am presently residing with my parents in a what has been a long-term family home.

8. My funds are limited. Though there was substantial wealth in our marital estate, my choice to protect my Children by returning to the United States amounted to a sacrifice of wealth, a sacrifice I would make again without hesitation given the deviant misconduct by the Petitioner and the disregard of it by German authorities.

9. Throughout my marriage, I have regularly traveled with my Children to Rhode Island to spend time with family. I have not attempted to hide where I am staying from Petitioner. I am eager to have my Children obtain necessary psychological care here in Rhode Island.

10. My lead counsel, who has substantial experience in matters arising under the Hague Convention on the Civil Aspects of International Child Abduction, is based out of Boston. I expect that travel there with my children will become necessary. We may retain a Massachusetts-based expert to evaluate the risk of harm that Petitioner's conduct poses to my Children.

11. In addition, one of my Children has particular medical needs and has had treatment scheduled at the Massachusetts Eye and Ear Hospital in Boston.

12. For these reasons, I request that this Court modify the *ex parte* Order to allow me to travel with my Children to Massachusetts.

<u>Petitioner's Investigators</u>

13. In addition to his deviant sexual behavior, Petitioner has engaged in a pattern of controlling behavior during our relationship. His resort to having private investigators stationed outside my family home in Rhode Island, filming my family and me, and following us, is the latest symptom of his controlling tendencies.

14. The presence of the investigators outside my family home, all day and night, has intimidated my family. One of them claimed that he was a federal treasury agent, though I have learned that he is actually a *former* federal agent. In addition, Petitioner has given my family and me the impression that his investigators could grab the Children at any time.

15. I am not going to flee from Rhode Island or hide the Children.

16. For these reasons, I respectfully request that this Court modify the *ex parte* Order to restrict Petitioner from engaging private investigators to stalk my family and me. Specifically, I request that this Court prohibit Petitioner and his agents from coming within 1000 feet of my family house, the Children, and me, except as specifically ordered by this Court.

Signed under the penalties of perjury this 2nd day of February, 2007.

[signature]
Tina Kufner

Subscribed to, and sworn before me in the county of Providence, city of Providence this 2ND DAY of February 2007.

[signature]

NEVILLE BEDFORD
NOTARY Public
m/c/e 4/12/2008

I certify that I have delivered a true copy of this document to Charles A. Tamulevitz this 2ND Day of Feb 2007

[signature]