UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DOMINICK KUFNER,<br><br>Petitioner,<br><br>v.<br><br>TINA KUFNER,<br><br>Respondent. | Civil Action<br>No. 07-046S |

**EMERGENCY MOTION FOR A CONTINUATION OF TRIAL**

Respondent Tina Kufner ("Ms. Kufner") hereby respectfully submits this emergency motion to continue the trial in the above-captioned matter. Ms. Kufner seeks a continuance of the trial so that her counsel may have time to prepare her 13(b) defense under the Hague Convention on the Civil Aspects of International Child Abduction ("The Hague Convention"). The grounds for this motion are set forth more fully in a Memorandum of Law in Support of Respondent's Emergency Motion for a Continuation of Trial, filed herewith.

WHEREFORE, Ms. Kufner respectfully requests that the Court:

(1) continue the trial for a period of thirty (30) days; and

(2) grant such further relief as the Court finds just.

Respectfully submitted,

TINA KUFNER,

By her attorneys,

Neville J. Bedford (RI Bar #6817)
321 South Main Street, 5th Floor
Providence, RI 02903-7108
(401) 709-4328 (phone)
(410) 633-6822 (fax)
nevillebedford@gmail.com

*Of Counsel*

Barry S. Pollack
Lindsay D. Barna
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2800 (phone)
(617) 338-2880 (fax)
bpollack@sandw.com
lbarna@sandw.com

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DOMINICK KUFNER,<br><br>Petitioner,<br><br>v.<br><br>TINA KUFNER,<br><br>Respondent. | Civil Action<br>No. 07-046S |

**MEMORANDUM IN SUPPORT OF RESPONDENT'S EMERGENCY MOTION FOR A CONTINUATION OF TRIAL**

Respondent, Tina Kufner ("Tina") hereby respectfully submits this memorandum in support of her Emergency Motion For a Continuation of Trial. This case was brought by Petitioner pursuant to the 1980 Hague Convention on the Civil Rights of International Child Abduction (the "Hague Convention").

The First Circuit has held that respondent must be given an adequate opportunity to prepare and present a defense to a petition under the Hague Convention. See Danaipour v. McLarey, 386 F.3d 289, 291 (1st Cir. 2004). Among other things, Ms. Kufner intends to invoke Article 13(b) of the Hague Convention, which prevents the relocation of a child to a situation in which he would face a grave risk of physical or psychological harm, or an otherwise intolerable situation. Petitioner has engaged in provocative and sexually deviant behavior with the two young boys at issue in this action. In order to present to the Court the evidence and argument necessary to prove her Article 13(b) defense, Ms. Kufner's counsel needs time to prepare her case, identify witnesses, and gather documents and other evidence.

## ARGUMENT

The Respondent's Right to Present an Article 13(b) Defense

The Respondent has a right to present a defense to the Hague Convention petition brought against her, and the Court must consider the Article 13(b) defense in this case. In Danaipour v. McLarey, the First Circuit reversed the District Court's erroneous refusal to resolve a question of sexual abuse as a part of the respondent's Article 13(b) defense, and held that "the sexual abuse question must be decided (as part of the court's obligation to consider the grave risk issue), and then that the question of grave risk be addressed in light of this finding." Danaipour v. McLarey, 386 F.3d 289, 291 (1st Cir. 2004). The District Court in Danaipour had erroneously deferred the issue of sexual abuse in favor of Swedish court and law enforcement activities on the subject. Id. The First Circuit found that this was improper, and that the District Court must fully consider the merits of the sexual abuse claim as a part of the grave risk assessment of the respondent's Article 13(b) defense. Id. At trial, Ms. Kufner expects to prove that Mr. Kufner poses a threat to the children due to his sexually deviant behavior in taking explicit nude photographs of the children. The children would be at risk of further sexual and other abuse if they were returned to Germany.

The Schedules of Ms. Kufner's Attorneys

On February 5, 2007, this Court scheduled a trial for February 8, 2007. Barry Pollack is Ms. Kufner's lead counsel, representing her pro bono, and has conflicts on both the scheduled trial date and on the days leading up to the trial. Specifically, Mr. Pollack was taking a previously scheduled deposition on Monday, February 5, 2007, when the trial was scheduled to commence three days later, on Thursday, February 8, 2007. On Tuesday, February 6, 2007, Mr. Pollack is moving his residence. On Wednesday, February 7, 2007, Mr. Pollack is scheduled to be in New York City to depose the Chief Executive Officer of a major publicly traded company.



{B0604526; 3}

On Thursday, February 8, 2007, Mr. Pollack is scheduled to close on the sale of his previous residence. Based on scheduling difficulties and the short notice of a trial date, Ms. Kufner is entitled to a continuance.

**Conclusion**

The Hague Convention gives Ms. Kufner the right to counsel with adequate opportunity to prepare and present her defenses to the Court. Accordingly Ms. Kufner requests a thirty day continuance of trial.

Respectfully submitted,

TINA KUFNER,

By her attorneys,

Neville J. Bedford (RI Bar #6817)
321 South Mail Street, 5th Floor
Providence, RI 02903-7108
(401) 709-4328 (phone)
(410) 633-6822 (fax)
nevillebedford@gmail.com

*Of Counsel*

Barry S. Pollack
Lindsay D. Barna
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
(617) 338-2800 (phone)
(617) 338-2880 (fax)
bpollack@sandw.com

## CERTIFICATE OF SERVICE

To:

Bradford N. Martin
Bradford Neal Martin & Associates
Post Office Box 10410
Greenville, SC 29603

Charles A. Tamuleviz
Tamuleviz, Hultquist & Bianchi, LLP
144 Westminster Street
Suite 302
Providence, RI 02903

I hereby certify that I filed this motion by hand on February 6, 2007. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.