UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| In re the Application of: | : | |
| DOMINIK KUFNER<br>Stefanieweg 11<br>82335 Berg-Mörlbach, Germany | : | |
| Plaintiff (Petitioner), | : | Civil Action<br>No. 07-046 S |
| vs. | : | |
| TINA KUFNER<br>Gut Racherbach<br>82407 Wielenbach, Germany | : | |
| Defendant (Respondent) | : | |

**PETITIONER'S OBJECTION TO RESPONDENT'S EMERGENCY MOTION FOR A CONTINUATION OF TRIAL**

Petitioner Dominick Kufner hereby objects to Respondent's Emergency Motion for a Continuation of Trial. Following a February 5, 2007 chambers conference with counsel, this court scheduled a February 8, 2007 trial date on the instant Petition for Return of Children to Plaintiff Pursuant to 42 U.S.C. § 11601 Et. Seq. (The International Child Abduction Remedies Act). The grounds for Petitioner's Objection are set forth in the attached Memorandum in Support of Petitioner's Objection to Respondent's Emergency Motion For A Continuance Of Trial, filed herewith.

Respectfully submitted,

February 7, 2007

/s/ Charles A. Tamuleviz
Charles A. Tamuleviz, Esq. (Fed. Bar #6115)
TAMULEVIZ, HULTQUIST, & BIANCHI, LLP
144 Westminster Street
Providence, Rhode Island 02903
401.490.2939
401.490.2940 (fax)

/s/ Bradford Neal Martin
Bradford Neal Martin, Esq. (Fed. Bar #3310)
BRADFORD NEAL MARTIN & ASSOC. PA
75 Beattie Place Suite 910
Greenville, South Carolina 29601
864.552.9990
864.552.9992 (fax)

## CERTIFICATION OF SERVICE

On this 7th day of February 2007, I caused the instant Objection to Respondent's Emergency Motion for a Continuation to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic Notification:

Neville J. Bedford, Esquire
321 South Main Street, 5th Floor
Providence, Rhode Island 02903

/s/ Charles A. Tamuleviz
Charles A. Tamuleviz, Esquire
Tamuleviz, Hultquist, & Bianchi, LLP
144 Westminster Street, Suite 302
Providence, Rhode Island 02903
Telephone: 401.490.2939
Facsimile: 401.490.2940
E-mail: cat@thbrilaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DOMINIK KUFNER<br>Stefanieweg 11<br>82335 Berg-Mörlbach, Germany | : | |
| Petitioner, | : | Case No. 07-46 S |
| vs. | : | |
| TINA KUFNER<br>Gut Racherbach<br>82407 Wielenbach, Germany | : | |
| Respondent. | : | |

**MEMORANDUM IN SUPPORT OF PETITIONER'S OBJECTION TO RESPONDENT'S EMERGENCY MOTION FOR A CONTINUATION OF TRIAL**

Petitioner, Dominik Kufner hereby submits this memorandum in support of his objection to Respondent's Emergency Motion for a Continuation of Trial. For the reasons stated below, Respondent's request to continue the trial for 30 days has no merit, and the trial should commence on February 8, 2007 according to this court's original directive.

## I. The Need for an Expedited Hearing Has Already Been Decided

At the outset, the issues that are set forth in Respondent's emergency motion and accompanying memorandum have been addressed by this court during the chambers conference that occurred on February 5, 2007. During the chambers conference, the court was made aware of Mr. Pollack's busy schedule, including the previously scheduled out of state depositions referenced in Respondent's memorandum. The

February 8, 2007 closing on the sale of Mr. Polack's previous residence may provide an inconvenience to Mr. Pollack, but any inconvenience to Mr. Pollack should be contrasted with Petititioner's request for an expedited hearing in order to be rightfully reunited with his abducted children. In addition, several witnesses overseas are already en route to Rhode Island to testify at this hearing.

## II. The Hague Convention Requires an Expeditious Hearing

As stated previously in the memorandum in support of this Petition, the objectives of the Hague Convention under Article 1(a) are to secure the ***prompt*** return of children wrongfully removed to or retained in any Contracting State; and under Article 1(b) to ensure that rights of custody and access of one Contracting State are **effectively respected** in the other Contracting States (emphasis added). Both the Hague Convention and ICARA require courts considering petitions to do so expeditiously. Choi v. Kim, 404 F. Supp. 2d 495 (S.D.N.Y.2005).

The United States District Court in Kim literally granted the petitioner temporary custody of her child on the very day the petition was filed. Id. at 497. After entering an order and issuing a warrant directing the U. S. Marshalls to remove the child from the respondent's custody, the court scheduled the hearing on the petition for the next business day.

In a case from the First Circuit, Currier v. Currier, 845 F Supp 916 (D.N.H. 1994), the court issued an *ex parte* order temporarily returning custody of the children to the petitioner four days after it was filed. The final hearing was held six days later.

In Friedrich v. Thompson, 1999 WL 33954819 (M.D.N.C. 1999), the court granted the motion of the father petitioner for expedited hearing in accordance with the

Hague Convention, and conducted the hearing within four days of his filing of the action. The court also granted his petition to return the child to his custody in Germany, after the mother wrongfully abducted the child. Therefore, an expedited hearing is essential so that the children can return to their home, their school, their friends, and their family.

## III. One of Three of Respondent's Lawyers Work and Personal Schedule Should Not Trump the Convention's Mandate

Respondent is represented first by Neville Bedford of the Rhode Island Bar. She is also assisted by two lawyers from Boston who are not admitted *pro hac vice*. Now, the same objections of the work and personal schedule of one lawyer is used to avoid an expeditious hearing of the Hague Convention.

Here, this one counsel for Respondent contends that his work and personal schedule is hectic and that he cannot appear at an evidentiary hearing on this Petition prior to March 2007. This contention should be rejected. At least one federal court has refused to delay a hearing under the Hague Convention when it was a *court* that had a heavy schedule. Lops v. Lops, 140 F.3d 927, 944 (11th Cir. 1998). In the Lops case, the Eleventh Circuit Court of Appeals upheld the decision of a federal district court to refuse to abstain from hearing a Hague case involving a child abduction. The district exercised its discretion to decline to defer to the state court in South Carolina which could not expedite a hearing due to the "apparent heavy schedule" of the court. Id.

In upholding the determination of the district court, the Eleventh Circuit noted with approval that "[t]he district court acted because the federal law in issue contemplates an expedited hearing but the South Carolina court was failing to act expeditiously." Id. Certainly if the heavy schedule of a court will not obviate the right of a Hague Petitioner to an expedited hearing, the schedule of a lawyer should not do so either.

The Hague Convention and ICARA are worded in such a way as to address remedies for the "Petitioner" or "Applicant," and "the spirit of the law is to protect the parent who has been wrongfully deprived of custody of a child." Id. at 3, fn.2. Here, these powerful international federal laws are meant for the protection of parents like Petitioner and provide for expedited hearings as a matter of course. The dilatory tactics of Respondent, based on her attorney's schedule, should not be permitted to obviate these rights.

## IV. Respondent Has Been Given Adequate Opportunity to Prepare

Petitioner has no quarrel with Respondent's right to present an Article 13(b) defense, and in fact this court scheduled the hearing for February 8th - 9th with that in mind. As stated previously the Hague Convention mandates an expedited hearing in order to provide a mechanism to secure the **prompt** return of children wrongfully removed to or retained in any Contracting State.

In Danaipour v. McLarey, 286 F. 3d 1 (1st Cir. 2002), the first case decided by the First Circuit which gave the district court guidance, the following points were made:

1) "The Hague Convention generally favors repatriation as a means of restoring the pre-abduction status quo and of deterring parents from crossing international boundaries in search of a more sympathetic forum." p. 14

2) "An Article 13(b) defense may not be used as a vehicle to litigate (or relitigate) the child's best interests" p.14

3) There may be cases where it may be proper to defer to the courts of the country of habitual residence a finding on a key factual issue underlying a grave risk determination. p. 15

4) The court did not hold that a full evaluation must take place whenever an Article 13 (b) defense is raised. (p. 19, fn 14); and

5) There may be cases where a trial court is able to find that sexual abuse did or did not occur without the benefit of a full forensic evaluation. Id.

The only claim here is one fully litigated in Germany: a father taking pictures of his children one and a half years ago and sharing them with the mother. The mother, two days before abducting the children said on a voicemail to a family friend she never accused the father of being a pedophile. The father respectfully requests a prompt hearing so his children can go back home to family, friends and school.

On a final note, the Local Rules of this court provide that local counsel shall be fully prepared to assume sole responsibility for the conduct of the case in the event that pro hac vice counsel is unable to continue as counsel for a any reason. LR Gen 204. If Mr. Pollack's schedule is not convenient for him, there is nothing to preclude local counsel from assuming sole responsibility for this matter.

For the foregoing reasons, Petitioner Dominik Kufner respectfully requests this court to deny Respondent's motion for a continuation of trial.

Respectfully submitted,

February 7, 2007

/s/ Charles A. Tamuleviz

Charles A. Tamuleviz, Esq. (Fed. Bar #6115)
TAMULEVIZ, HULTQUIST, & BIANCHI, LLP
144 Westminster Street
Providence, Rhode Island 02903
401.490.2939
401.490.2940 (fax)

/s/ Bradford Neal Martin
Bradford Neal Martin, Esq. (Fed. Bar #3310)
BRADFORD NEAL MARTIN & ASSOC. PA
75 Beattie Place Suite 910
Greenville, South Carolina 29601
864.552.9990
864.552.9992 (fax)

CERTIFICATION OF SERVICE

On this 7th day of February 2007, I caused the instant Memorandum in Support of Petitioner's Objection to Respondent's Emergency Motion for a Continuation to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic Notification:

Neville J. Bedford, Esquire
321 South Main Street, 5th Floor
Providence, Rhode Island 02903

/s/ Charles A. Tamuleviz
Charles A. Tamuleviz, Esquire
Tamuleviz, Hultquist, & Bianchi, LLP
144 Westminster Street, Suite 302
Providence, Rhode Island 02903
Telephone: 401.490.2939
Facsimile: 401.490.2940
E-mail: cat@thbrilaw.com