[Translator's note: In this text, the words 'petitioner' and 'respondent' do not consistently refer to the same person. In the German language, the word endings indicate the gender of the petitioner/respondent. Since this is not possible in the English language, I added in brackets the initials of the petitioner/respondent who is being referred to as indicated in the original document.]

[stamp: certified copy]

Christian Wächter
Attorney-at-Law

Attorney-at-Law Wächter, Schillerstraße 21, 80336 München

Amtsgericht Weilheim [Local Court of Weilheim]
Familiengericht [Family Court]
Alpenstrasse 16
82362 Weilheim

Christian Wächter
Schillerstraße 21
D-80336 München

Telephone 089/5151-8765
Fax 089/5151-8766
mail@ra-waechter.de

***URGENT!***

Munich, December 20, 2006
799/06w

**002 F 00552 / 06**

**Dominik KUFNER, Berg/Mörlbach**
**versus**
**Tina Kufner, Wielenbach**
**concerning arrangement of visitation**
**<u>My client:</u> Ms. Tina KUFNER, Gut Raucherberg, 82407 Wielenbach**

I thank you for sending the request for interim measure of December 6, 2006.

**It is requested that the request of December 6, 2006 be denied and the decision of December 11, 2006 be repealed.**

<u>Already at this time, we provide our position in summary as follows:</u>

1) <u>Arrangement concerning vacation (Item 1 of the decision of December11, 2006):</u>
The petitioner [D.K.] substantiates his request with the fact that it is not of primary importance to him who gets which week and that he allegedly has "a certain flexibility." However, this is in no way sufficient for a <u>ruling within the scope of an interim measure.</u>

Particularly the respondent's [T.K.] demands regarding the "family bond" with the sister must be asserted.
With her letter of December 15, 2006, the respondent [T.K.] already pointed out that her brother Scott Melo came especially from the USA for the week of Christmas to celebrate Christmas with the family because the respondent [T.K.] cannot fly to the USA this year to spend Christmas there – due to the lack of the petitioner's [D.K.] consent.

**Substantiation:** Affidavit by Scott Melo in Enclosure AG1

With regard to the respondent's [T.K.] submissions in the letter of December 15, 2006, it is therefore requested to be able to have the children in the time from December 22, 2006 to January 5, 2006 [sic!]. Also pointed out is the subsidiary motion made therein.

2) U.S. passports / prohibition to travel to the USA:

a) Under no circumstances – already brought about according to the above submission – is travel to the USA, and without a limitation with respect to time at that, to be prohibited. The reasons provided in the request of December 6, 2006 are not sufficient in any way to justify a prohibition as is presented – without grounds – in the decision of December 11, 2006 in Item 3).
The same applies to the deposit of the children's U.S. passports (also without limitation with respect to time).

Particulars:
aa) At no point in time has the respondent [T.K.] raised the prospect of her traveling to the USA without the petitioner's [D.K.] consent.
All allegations concerning this matter are based on false assumptions and are false.
Also, then-attorneys of record have not made corresponding statements at any point in time.
It is correct that the respondent [T.K.] wanted to travel to the USA with the children to spend the Christmas break with her family and that of her children.
However, a relocation to the USA without the petitioner's [D.K.] consent or a relocation to the USA was not planned at any point in time. Of course, there was a date for the return flight and the petitioner [D.K.] knows this, of course. It doesn't make sense to negotiate a planned trip to the USA and to receive approval for a longer trip period if one didn't intend to return.

bb) The matter of housing has nothing to do at all with Christmastime and a trip to the USA.
The following has been stated incorrectly by the petitioner [D.K.]:
**- It is false that on January 1, 2007 an eviction from the house would take place.**
The respondent [T.K.] is in negotiations with the landlord on the continuation of the tenancy because the high rent represents a financial burden on her.

In this connection, the petitioner [T.K.] has already looked at other places for rent. A new tenancy has not resulted thus far. The question of who will bear the relocation costs in this respect must also be cleared up in advance.
**It is incorrect that the rent for December was not paid. This rent has been paid. A termination of the tenancy is not to be feared with respect to payment either.**

This in itself sufficiently shows that the request of December 6, 2006 lacks any basis because the alleged reason and time of the request is given on account of the alleged eviction and unpaid rent.

The housing matter is by no means an issue so explosive that a vacation trip would not be possible.
The respondent [T.K.] possesses a valid rental agreement (is presented at the oral hearing on December 20, 2006) which is neither terminated nor ended.
Therefore, the respondent [T.K.] can remain at the current residence (as long as she wishes) and a relocation is in no way an explosive issue.
Least of all does this stand in the way of a vacation trip in any way or show evidence of a non-return.

**It is false that the respondent [T.K.] allegedly contacted attorneys concerning a relocation to the USA without the petitioner's [D.K.] consent.**
The respondent's [T.K.] previous attorneys of record have not expressed anything to this effect either.

It is absurd to relate such a request for interim measure to the "emotional state of the petitioner" [T.K.] which can allegedly be concluded from numerous changes in attorneys.

Regarding the change of attorneys, this applies all the more since it is precisely the petitioner's side whose uncountable petitions and briefs are not conducive for the respondent [T.K.] to find an attorney who wants to bother with this kind of work and is not scared off from the beginning.

It is denied that the petitioner [T.K.] wants to prolong the proceedings. The fact that she uses the help of an attorney and takes pains to find a suitable representative just shows that she is interested in a positive ending to the proceedings. This particularly applies to the proceedings here.

It is denied that the petitioner [T.K.] said that, allegedly, he will yet be surprised at what will happen.

cc) It is correct that the petitioner [T.K.] has looked at schools during her stay in the USA.
However, this in no way means that the respondent [T.K.] has planned anything unlawful in any way (as alleged: child abduction!!!) or intends or intended any such thing in any way.

It is certainly not punishable or even in any way condemnable for the petitioner [T.K.] to picture her distant future – after the settlement of matters in Germany – rather in the USA with the children than in Germany. She never made a secret of this.
It is all the more condemnable that, now, she is accused of child abduction, which is based on indefensible allegations.
It is repeated: At no point in time has the respondent [T.K.] intended to permanently stay in the USA without the petitioner's [D.K] consent or the consent of a German court. The respondent [T.K.] cannot be blamed that relocation to the USA may – and not in concrete form – be considered if the petitioner [D.K.] consents to this or a German court permits. Of course, the children's welfare will be a decisive factor here.
**The decision appealed here can by no means be substantiated through a distant – legal – planning of the future by the respondent [T.K.].**

dd) Brother in Germany
The adventurous allegation that the brother's visit to Germany would help prepare a relocation (!!) to the USA cannot be sustained by any means.
Here, the brother came to Germany for a Christmas visit because his sister cannot come to the USA with the children this year.

**Substantiation:** Affidavit of Mr. Scott Melo of December 20, 2006 in Enclosure **AG1**

The above submissions are also substantiated through the **respondent's [T.K.] affidavit** submitted as enclosure **AG2**.

In view of the above facts and circumstances, it would have to be considered discriminatory to have to deposit the U.S. passports. The petitioner [D.K] has the German passports and the respondent [T.K.] would not be able to travel to other countries at all with the children – not even to countries close by (e.g. Austria). And this would only be based on the fact that she has U.S. citizenship and the petitioner [D.K] has German citizenship. Such a basis would be unlawful.

In summary, the following must therefore be communicated regarding the request for interim measure of December 6, 2006:
To a) There is no eviction on January 1, 2007, and with that, there is also no connection that could be established with a vacation trip.

To b) The house will also be available beyond January 1, 2007 by means of a valid rental agreement which is in no way terminated.

To c) The reduction in the number of existing excess furniture is completely irrelevant for these proceedings.

To d) The children were not prepared by the respondent [T.K.] for relocation to the USA in any way. However, the impression arises here that it is precisely the petitioner [D.K.] who instills this fear in the children.

To e) No proceedings will be delayed here.

To f) No attorney in the USA was contacted for a relocation to the USA.

To g) It is false that, since November 1, 2006, the rent had no longer been paid.

To h) The brother did not arrive to assist with a relocation to the USA.

There is no more reason which could support the interim measure; hence this matter must be decided in accordance with this request.

[stamp: notarized Attorney-at-Law [signature] sgd Attorney-at-Law]

Wächter
Attorney-at-Law
Enclosures

[handwritten: AG2]

# Affidavit

**I, TINA KUFNER, Gut Raucherberg, 82407 Wielenbach, hereby affirm the following:**

I am aware of the consequences of a false affidavit, particularly that I may be liable to prosecution according to § 153 StGB (Criminal Code). I am familiar with the regulations of § 153 StGB (Criminal Code).

I hereby affirm that

In order to avoid repetitions, I confirm the statements provided in the brief by attorney-at-law Christian Wächter of December 20, 2006, which is known to me in its full content, and I affirm the accurateness of these statements.

Weilheim, December 20, 2006

[signature]

----------------------------------------

(signature Tina Kufner)