UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Case No. CA 07 046S

DOMINIK KUFNER,
Petitioner,

v.

TINA KUFNER,
Respondent.

**PETITIONER'S MOTION TO EXCLUDE THE AFFIDAVIT AND ALL CLAIMS AND STATEMENTS WHICH MAY HAVE BEEN MADE BY OR MAY BE ATTRIBUTED TO ALEXANDRA KAIN.**

**Relief Requested.**

The Petitioner, Dominik Kufner (Husband/Father) moves the court to exclude the Affidavit of Alexandra Kain, dated October 22, 2006, and exclude, as well, all claims and statements which may have been made by or which are attributed to Ms. Kain.

**Reasons Why Relief Should Be Granted.**

In connection with the Respondent, Tina Kufner (Wife/Mother), seeking to prove her Hague Convention Article 13b defense, Mother tenders the October 22, 2006 Affidavit of Ms. Kain. Mother may also seek to offer statements or other claims allegedly made by Ms. Kain.

On February 14, 2007, Mother gave notice of Ms. Kain's deposition (Exhibit 1) to be taken with the witness

appearing at the stenographer's office in Woodland Hills, CA and counsel taking the deposition "via teleconference." The deposition was set to commence on February 16, 2007 at 11:30 a.m. EST in Boston).

At 11:30 a.m. on February 16, 2007, your undersigned called into the designated conference call number and waited for the "moderator" to come on the line. **To cut to the chase, Ms. Kain never showed.**

Father has, in all this time, never had the opportunity to examine Ms. Kain under oath in a deposition, as such discovery is not permitted in Germany. It has already been unduly prejudicial to Father and, as well, to the parties' minor children to not be able to ask Ms. Kain questions under oath.

Mother tenders Ms. Kain's affidavit as substantive evidence supporting Mother's Article 13b defense. However, since Mother did not ensure Ms. Kain's attendance at the said deposition, Father was unable to ask Ms. Kain questions under oath.

**Conclusion.**

Based upon the above facts and circumstances, the court should grant Father the requested relief.

Husband requests the Court to consider this motion at the outset of the trial.

Respectfully submitted

February 21, 2007 /s/ Charles A. Tamuleviz

Charles A. Tamuleviz, Esq.
(Fed. Bar #6115)
TAMULEVIZ, HULTQUIST, & BIANCHI, LLP
144 Westminster Street
Providence, Rhode Island 02903
401.490.2939
401.490.2940 (fax)

Gerald L. Nissenbaum, MABBO 372400
160 Federal Street, 24th floor
Boston, MA 02110

Bradford Neal Martin, Esq.
(Fed. Bar #3310)
BRADFORD NEAL MARTIN & ASSOC. PA
75 Beattie Place Suite 910
Greenville, South Carolina 29601
864.552.9990
864.552.9992 (fax)

ATTORNEYS FOR PLAINTIFF

## CERTIFICATION OF SERVICE

On this 21st day of February 2007, I caused the instant Plaintiff's Opposition to Defendant's Motion to Quash Her Deposition or Alternatively: Plaintiff's Motion to Compel Defendant's Deposition for Next Tuesday Morning to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic Notification:

Neville J. Bedford, Esquire
321 South Main Street, 5th Floor
Providence, Rhode Island 02903

/s/Charles A. Tamuleviz
Charles A. Tamuleviz, Esquire
Tamuleviz, Hultquist, & Bianchi, LLP
144 Westminster Street, Suite 302
Providence, Rhode Island 02903
Telephone: 401.490.2939
Facsimile: 401.490.2940
E-mail: cat@thbrilaw.com