UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

In re the Application of: Case No. CA 07 046S

DOMINIK KUFNER,
Petitioner,

v.

TINA KUFNER,
Respondent.

**PLAINTIFF'S MOTION TO CLARIFY AND EXPAND DOCUMENTS TO BE DELIVED TO DR. JENNY**

1. Without waiving his objection to Dr. Jenny being appointed by the court in this matter, the Petitioner moves the court to clarify and expand the documents which will be delivered to Dr. Jenny. In making this motion, it is assumed that the Magistrate Judge did not have the benefit of reviewing the material which the Petitioner wanted to be provided to Dr. Jenny; and thus did not have a full basis on which to make his recommendations to the court. But, if the Magistrate Judge did look at the various documents proposed by Petitioner, nevertheless, the list of items should be expanded.

2. a. The underlying question is: Why shouldn't Dr. Jenny have the benefit of seeing this additional material? Surely neither the court, nor the GAL are concerned that Dr. Jenny will not come to her own opinion after considering all of the material supplied.

b. This additional material can help put this matter into context. Pornography is not just a picture - but, as well, the context in which it was taken, the reasons why they pictures were taken and the use to which the pictures were put by the petitioner.

c. If, as Petitioner contends, the Respondent cannot prove that the September 2005 photographs were or are pornographic in Germany (especially given the Division of Youth and Family Welfare finding they were not pornographic and thus, not reporting the matter to the police), then Petitioner still has trouble getting his arms around the concept that non-pornographic picture taken by parents of their children can be the basis for a "clear and convincing" evidentiary finding of harm under ICARA and the Hague Convention's Article 13b.

**Photographs**

3. a. The Magistrate Judge recommends that the testimony of Ms. Dorote Lucci go to Dr. Jenny.

b. But, the Magistrate Judge did not include Ex. 44 A about which Ms. Lucci testified - being the enlarged photograph taken by respondent showing frontal nudity of several young male children at a birthday party.

c. Further, the Magistrate Judge did not include Ex. 44, about which Ms. Lucci also testified, being some 93 photographs taken while the Lucci and Kufner families were at a beach, with many of the photographs showing male and at least one showing

female genitalia, none of which the Respondent found then or now to be objectionable.

d. Petitioner contends that Respondent cannot sustain her burden of proving the September 2005 photographs are pornographic and, if so, that the taking of those pictures caused harm such as to satisfy her burden under ICARA and Article 13b. If Respondent can prove that point, then, so too, the pictures in Exhibits 44 and 44A are pornographic and can cause the same harm, meaning, therefore, that it is Respondent - the person who took most of the beach pictures - who is a danger to the children.

e. Petitioner believes the Magistrate Judge did not see Exhibits 44 or 44A.

f. Therefore, in order that Dr. Jenny not get a distorted view, but rather a view from the point of view of both parties and their contemporaries in Germany, he requests the exhibits going to Dr. Jenny be expanded to include Exhibits 44 and 44A.

**Transcripts of Trial Testimony**

4. a. In terms of clarification, the Magistrate Judge recommends that the trial testimony of the petitioner, respondent and Ms. Dorote Lucci go to Dr. Jenny. Petitioner agrees, so long as it is all of their respective testimony.

b. However, Petitioner does not know if the stenographer has produced full transcripts of the referenced testimony. Petitioner would not object to so-called "rough" transcripts being used.

c. Petitioner seeks clarification of whether the final or 'rough' transcripts will go to Dr. Jenny at this time, so that there will be no delay. If the transcripts are not ready for delivery to Dr. Jenny on March 5, 2007, then Petitioner seeks clarification as to when those transcripts will be ready.

d. Petitioner also requests the court that the parties also receive a copy of whatever transcripts are sent to Dr. Jenny.

**Opinions of Other Professionals Regarding the Photographs**

5. a. Petitioner requests the court to send Dr. Jenny the **reports from the Department of Youth and Family in Germany**, which concluded that the pictures were not pornographic and, as well, that there was no reason that the children should not visit and be with their father on an unsupervised basis.

b. These reports demonstrate how professionals in Germany view the September 2005 photographs.

6. a. Petitioner also requests the court to permit Dr. Jenny to have the benefit of considering the **affidavits or reports** (either with or without the various documents supplied to each of these experts), plus their respective resumes, of:

(1) **Edward S. Gross, M.D.** (pediatrician with wide experience in making physical examinations of children on issues of sexual abuse);

(2) **Dominic Boyer, Ph.D.** (anthropologist with special knowledge of European and, particularly Germany); and

(3) **Alex Weintraub, M.D.** (forensic psychiatrist).

b. Each of these experts concluded the photographs taken by petitioner were not pornographic.

**Testimony, via Evidentiary Depositions**

7. On February 8 and 9, 2007, the parties, each represented by counsel took the depositions of the following witnesses, all of whom have relevant information regarding the first and basic issue before the court - are the September 2005 photographs pornographic?:

a. Tappani Hanninen, a mutual friend of the parties, who, among other things testified about the content of the Respondent's January 23, 2007 telephone message;

b. Lucie Lucas, a former Au Pair for the parties, describing how the Kufner children and other children often went naked;

c. Tanja Kufner, the sister of the Petitioner who testified to her relevant observations; and

d. Charles Lucci, the husband of trial witness Dorote Lucci.

8. Petitioner submits the additional material will not overburden Dr. Jenny and to the extent she finds it relevant, she may incorporate the data into her consideration of the issues.

Respectfully submitted,

March 5, 2007 /s/ Charles A. Tamuleviz
Charles A. Tamuleviz, Esq. Bar No.: 6115
TAMULEVIZ, HULTQUIST, & BIANCHI, LLP
144 Westminster Street
Providence, Rhode Island 02903
401.490.2939
401.490.2940 (fax)

Gerald L. Nissenbaum, MABBO 372400
160 Federal Street, 24th floor
Boston, MA 02110

Bradford Neal Martin, Esq.
(Fed. Bar #3310)
BRADFORD NEAL MARTIN & ASSOC. PA
75 Beattie Place Suite 910
Greenville, South Carolina 29601
864.552.9990
864.552.9992 (fax)

ATTORNEYS FOR PLAINTIFF

CERTIFICATION OF SERVICE

On this 5th day of March 2007, I caused the instant Respondent's Witness List to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic Notification:

Neville J. Bedford, Esquire
321 South Main Street, 5th Floor
Providence, Rhode Island 02903

/s/Charles A. Tamuleviz
Charles A. Tamuleviz, Esquire
Tamuleviz, Hultquist, & Bianchi, LLP
144 Westminster Street, Suite 302
Providence, Rhode Island 02903
Telephone: 401.490.2939
Facsimile: 401.490.2940
E-mail: cat@thbrilaw.com