UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

In re the Application of: Case No. CA 07 046S

DOMINIK KUFNER,
Petitioner,

v.

TINA KUFNER,
Respondent.

# PETITIONER'S MOTION FOR IMMEDIATE ISSUANCE OF AN ORDER TO SHOW CAUSE, FOR CONTEMPT, AND FOR A PROMPT HEARING

## I. Relief Requested.

1.1 Based on the allegations made below, Petitioner, Dominik Kufner (Husband / Father) moves the Court to:

a. promptly issue an Order to Show Cause why the respondent, Tina Kufner (Wife / Mother), ought not to be held in Contempt of Court;[1] and

b. to promptly hold a hearing on said Order of Notice.

1.2 Upon a hearing, if the Court finds Wife guilty of contempt of court, Husband moves the Court to impose such sanctions as it deems meet and just.

## II. Brief Background.

2.1 The parties to this case were and continue to be involved in a highly contested divorce, custody and visitation case in

1 However, in no event does Petitioner request criminal sanctions against Respondent, as this could be devastating to his children and used by the Respondent to turn the children against the Petitioner.

Germany.

2.2 In Germany, the Respondent, Tina Kufner (Wife / Mother) failed to comply with various orders of the Court regarding visitation and access of the Petitioner, Dominik Kufner (Husband / Father) to the children. This is dramatically evidenced by the October 18, 2006 Order of the Weilheim Court (Full Trial Exhibit 19) stating that threats of monetary sanctions are of no effect with the Wife so that if Wife again violated Court orders, she would be put in jail for one day for each violation.

2.3 Jumping forward to proceedings in this Court, by way of summary, the Wife has violated numerous Court orders. During the past week, on at least two separate days, this Court has admonished Wife for her violations, told Wife the Court was giving her the benefit of the doubt, and made crystal clear that if Wife violated orders again, contempt proceedings against her were imminent.

2.4 Last Thursday afternoon, March 8, 2006, in order that their be no opportunity for misunderstanding, the Court, in open Court, read into the record the specific Order for weekend visitation which Husband was to have with the children on Saturday, March 10, 2006. Specifically, on March 10, 2006, Wife was ordered to bring the parties’ two minor children, Joseph and Matthias, to the McDonalds Restaurant at the Lincoln Mall by 10:00 a.m. where they would be picked up by Husband. Wife was to be at the Lincoln Mall at 6:00 p.m. to pick up the children. This drop off and pick up spot is well-known to Wife as she has previously dropped the

children off at this same site.

**III. Events of Past Weekend.**

3.1 **Simply put, on Saturday, March 10, 2007, Wife did not have the children at the pick up spot at 10:00 a.m.**

3.2 David Tassone, who accompanied Husband, first called the house and spoke to Scott Melo, Respondent's brother. He claimed the children were "sleeping". Tassone then called Respondent to ask why the children were not present for the Court-ordered pick up by Husband.

3.3 David advised Husband that Wife claimed she had taken the children to a motel to avoid a flu epidemic at her parents' home (where she had been staying); and that Wife now wanted to switch the Saturday visit for Sunday.[2]

3.4 Husband declined to switch, since he had no power to violate a Court Order.

3.5 **At 11:40 a.m. that morning, Wife finally arrived at the drop off spot with the children, 1 hour and 40 minutes late.**

3.6 The Court well knows and Husband need not repeat here the acts taken by Wife which, but for giving Wife the benefit of the doubt, would have been in violation of Court orders.

3.7 The Wife's conduct has caused Husband to have grave concerns and worry about the safety and welfare of the children, and raised, once again, that Respondent is a flight risk.

2 It was later discovered Respondent checked into the hotel under an assumed name.

3.8 The Wife's conduct has and is causing serious harm to the children. Her continuous flouting of Court authority, in Germany and Rhode Island, can be illustrated by (i) incidents of physical violence against the children and the husband in front of the children in Germany; (ii) events in which the Wife displayed the worst imaginable child manipulation attempts against the Petitioner; (iii) abduction of the children in the middle of a school week without provocation, despite one child suffering from an acute ear infection. The child needed to be hospitalized with massive pressure induced ear pains upon arrival; (iv) attempts to have the children physically examined for signs of sexual abuse to support the completely new claims for purpose of a 13(b) defense; and (v) continuously promoting fear in the children of the Father, leading to difficult initial minutes at the start of each visitation.

3.9 Wife cannot reasonably claim she was not informed of or that she misunderstood her Court-ordered obligations. Nor can Wife have any misunderstanding that another violation of a clear and unambiguous Order would result in a hearing on whether she should be held in civil or criminal contempt of court.

**IV. Conclusion.**

4.1 Based on the above, the court, in its discretion is asked to immediately issue the requested Order of Notice and set a prompt hearing date and time.

Respectfully submitted,

March 12, 2007

Charles A. Tamuleviz, Esq. (Fed. Bar #6115)
TAMULEVIZ, HULTQUIST, & DIANCHI
144 Westminster Street
Providence, Rhode Island 02903
401.490.2939
401.490.2940 (fax)

/s/ Bradford N. Martin
Bradford N. Martin (Federal Bar #3310)
BRADFORD NEAL MARTIN & ASSOCIATES, PA
75 Beattie Place, Ste. 910
Post Office Box 10410
Greenville, South Carolina 29603
864.552.9990
864.552.9992 (fax)

Gerald Nissenbaum, Esq.
NISSENBAUM LAW OFFICES
The Landmark
160 Federal Street, 24th Floor
Boston, Massachusetts 02110
Phone: 617-330-9090
Fax: 617-330-6909

ATTORNEYS FOR PETITIONER