**Exhibit A**

**Questions asked pursuant to Article 15 of the Hague Convention on the Civil Aspects of International Child Abduction**

From: United States District Court for the District of Rhode Island (**USDC**)

In re Dominik Kufner, Petitioner vs. Tina Kufner, Respondent, Civil Action No. 07 - 46S (Petition for Return of Children who were brought by Respondent from Germany to the State of Rhode Island, USA)

To: The Court or agency (hereafter, collectively, **Responding Authority**) designated by the Central Authority of Germany

Sent to: Bundesamt für Justiz
Adenauerallee 99 – 103
53113 Bonn
Tel.: 011 [0] 228 99 410 5438
Fax: 011 [0] 228 99 410 5401
Email: int.sorgerecht@bfj.bund.de

and to: Municipal Court of Weilheim
Re: case No. 002F 00139/06
Weilheim, Upper Bavaria, Germany
Tel: 011 [0] 228 99 410 5424
Fax: 011 [0] 228 99 410 5401
E-mail: int.sorgerecht@bfj.bund.de

1. The parties, Dominik Kufner (Father) and Tina Kufner (Mother) were and continue to be involved in a highly contested divorce, custody and visitation case, being No. 002F 00139/06 in the Weilheim Municipal Court, Weilheim, Germany. Two children were born of the parties' marriage: Joseph Kufner, born September 3, 1998; Matthias Kufner, born September 12, 1999 (collectively, Children).

2. The Weilheim Court issued its March 1, 2006 order (Exhibit 1) stating, in part, that the "parties shall exercise custody of their children jointly."

3. Thereafter, the Weilheim Court entered additional Orders on October 18, 2006, December 11, 2006, December 13, 2006 and December 20, 2006 dealing with the Father's access to

(visitation with) the Children.

4. On January 25, 2007, Mother removed the Children from Germany to the State of Rhode Island (R.I.) in the United Sates of America (USA) without obtaining either the permission of the Weilheim Court or the Father. Mother has remained in R.I. with the Children. Mother refuses to return the Children to Germany.

5. On January 31, 2007, pursuant to the Convention and the applicable USA Federal Legislation implementing the Convention (the International Child Abduction Remedies Act [ICARA]), Father commenced a Petition in the USDC. In his USDC Petition Father claims that:

a. pursuant to the statutory law of Germany, mother and he exercised custody (as defined in Article 3 of the Convention) of their Children jointly;

b. the Court Order of March 1, 2006, restated the law, that the parents shall continue to exercise custody of their Children jointly;

c. the Court Orders of October 18, 2006, December 11, 2006, December 13, 2006, and December 20, 2006 provide Father with rights of access to (visitation with) the Children and do not in any way reduce or change the Father's Right of Custody;

d. the Mother's removal of the Children from Germany and her retention of the Children in R.I. are both in violation of the Father's Right of custody, as those rights are defined in the Convention.

6. a. Mother does not admit that either the statutory law of Germany or the March 1, 2006 Order of the Weilheim Court grants Father the Right of Custody.

b. If the statutory law of Germany and / or the March 1, 2006 Order grant Father the Right of Custody, then Mother argues that the October 18, 2006, December 11, 2006, December 13, 2006, and December 20, 2006 Orders entered by the Weilheim Court either remove the Right of Custody from Father or, at the least, leave it unclear if the Father continues to have the Right of Custody.

7. Pursuant to Article 15 of the Hague Convention on the Civil Aspects of International Child Abduction (Convention), this USDC

seeks information about the (a) the law of Germany concerning the Custody of Children born of married parents and (2) effect of the October 18, 2006, December 11, 2006, December 13, 2006, and December 20, 2006 Orders of the Weilheim Court.

8. Article 15 provides:

> The judicial or administrative authorities of a Contracting State may, prior to the making of an order for the return of the child, request that the applicant obtain from the authorities of the State of the habitual residence of the child a decision or other determination that the removal or retention was wrongful within the meaning of Article 3 of the Convention, where such a decision or determination may be obtained in that State. The Central Authorities of the Contracting States shall so far as practicable assist applicants to obtain such a decision or determination.

9. Article 3 provides:

> The removal or the retention of a child is to be considered wrongful where --
>
> a. it is in breach of the rights of custody attributed to a person, an institution or any other body, either jointly or alone, under the law of the State in which the child was habitually resident immediately before the removal or retention; and
>
> b. at the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention.
>
> The rights of custody mentioned in sub-paragraph *a* above, may arise in particular by operation of law or by reason of a judicial or administrative decision, or by reason of an agreement having legal effect under the law of that State.

10. The USDC understands that the Applicant, here Dominik Kufner asked and obtained an Article 15 Order dated February 27, 2007 from the court in Municipal Court of Weilheim in Upper Bavaria, Germany (Weilheim), attached as Exhibit 2. The USDC thanks the Weilheim Court for the time and effort necessary to issue that helpful order

11. Pursuant to Article 15, the USDC asks the following questions:

[Please insert questions you chose from the filing of the parties of March 9, 2007.]

12. If the Responding Authority determines that parts of the above questions were answered by portions of the February 27, 2007 Order, the Responding Authority is respectfully requested to respond to those parts of questions that have yet to be answered.

13. The Convention requests signatory states to hear and resolve cases within six weeks. This matter was filed on January 31, 2007, six weeks will be March 14, 2007. Therefore, the USDC respectfully requests your early attention to this request and a reply at your earliest convenience.

Dated this 12th day of March 2007 at Providence, Rhode Island.

Respectfully,

United States District Court
District of Rhode Island
By:______________________________
William E. Smith, District Court Judge
Federal Building and Courthouse
One Exchange Street, Providence, R.I. 02903
Telephone to Judge Smith’s Clerk:++ 401/752-7213
Fax: ++ 401/752-7247
Email to Judge Smith’s Clerk: wendy_geile@rid.uscourts.gov