UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

IN RE: PETITION OF

DOMINIK KUFNER,
Plaintiff
Petitioner

vs. C.A. No. 07-046 S

TINA KUFNER,
Defendant
Respondent

ORDER

IT IS HEREBY ORDERED:

1. Until further order of the Court, the children of the parties, Joseph and Matthias Kufner, shall be in the exclusive custody of their father, Petitioner Dominik Kufner. The Petitioner is restrained and enjoined from discussing the case pending before this Court with the children.

2. The Petitioner's temporary exclusive custody shall be subject to two conditions:

   a. The children shall continue to be enrolled at Mercymount School

   b. The Petitioner shall immediately obtain a more stable living arrangement that creates a more home-like environment for the children.

3. The children shall have supervised visitation with the Respondent. Said supervised visitation shall be subject to the following conditions:

   a. The visitation supervisor shall be subject to approval by the Guardian *ad litem*.

   b. The Respondent is restrained and enjoined from discussing the case pending before this Court with the children.

   c. In responding to any questions the children may have regarding their change in custodial circumstances, the Respondent shall be supportive of the orders of this Court.

   d. The visitation supervisor shall have the authority to end the visit immediately if Mrs. Kufner violates conditions (b) and (c) above.

   e. The Respondent shall be responsible to pay the fees of the visitation supervisor.

4. Pending further order of this Court, and provided the Respondent has engaged an appropriate visitation supervisor, the Respondent shall have visitation with the children on a rotating weekly schedule. During the week beginning March 19, 2007, the children shall visit with the Respondent on Monday and Wednesday, after school to 7 p.m. and on Friday, after school to

8 p.m. In addition, the children shall have visitation with the Respondent on Sunday, from 10 a.m. to 6 p.m. During the week beginning March 26, 2007, the children shall visit with the Respondent on Tuesday and Thursday, after school to 7 p.m. In addition, the children shall have visitation with the Respondent on Saturday, from 10 a.m. to 6 p.m.

5. On weekday visitation, the Respondent shall have the option to pick the children up at the end of the school day at Mercymount School in Cumberland, R.I., provided she is accompanied by an approved visitation supervisor. If she is unable to obtain the services of an approved visitation supervisor to enable her to begin the visit at the end of the school day, the Respondent's visitation shall begin as soon as possible thereafter and the Petitioner shall bring the children to her at a time and place designated by the Respondent. The Respondent shall return the children to Mr. Kufner at a time and place designated by the Petitioner, at the end of the visit. The Respondent shall insure that the children do their homework during the visitation period. On weekend visitation days, the Petitioner shall bring the children to Mrs. Kufner at a place designated by the Respondent at 10

a.m. The Respondent shall return the children to Mr. Kufner at 6 p.m. at a place designated by the Petitioner.

6. The Guardian *ad litem* is authorized to inform the principal of Mercymount School that this Court has transferred exclusive custody to Mr. Kufner until further notice. Except as provided herein, said exclusive custody includes the right to authorize or forbid discharge of the children from the school to persons other than himself.

7. Mrs. Kufner is authorized to pick the children up at Mercymount School on weekdays only as described in Paragraph Five and only if in the company of an approved visitation supervisor.

8. A Motion for Reconsideration of this order regarding custody and visitation shall not be considered until the Respondent provides evidence that she has undergone a psychological evaluation and, if appropriate, obtained a recommendation for therapy from an authoritative source.

9. The Court's expert witness, Dr. Carole Jenny, has testified regarding her fee and submitted a bill. Dr. Jenny is awarded an expert witness fee of $3500 to be

shared equally by the parties. Said payment shall be made by the parties forthwith.

10. The Petitioner shall continue making alimony payments to the Respondent per his obligations as approved by the German Courts. The Respondent's alimony payments shall be subject to garnishment by the Court for failure to pay the fees of the Guardian *ad litem* and the Court appointed expert, Dr. Carole Jenny.

11. Neither party shall show or otherwise distribute to anyone, other than prospective expert witnesses, the photographs of the children that are at issue in this case and identified as Respondent's Exhibits K1 through K41; and Petitioner's Exhibit 45.

Enter:

WESm

William E. Smith
U.S. District Judge
Date: 3/19/07

By Order:

[signature]
Deputy Clerk