UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

In re the Application of: Case No. CA 07 046S

DOMINIK KUFNER,
Petitioner,

v.

TINA KUFNER,
Respondent.

**PETITIONER'S MOTION TO REDIRECT ALIMONY PAYMENTS DUE RESPONDENT TO RESPONDENT'S VARIOUS CREDITORS.**

**I. Relief requested.**

1.1 Petitioner, Dominik Kufner (Husband or Father) moves the court to permit him to redirect alimony payments due Respondent, Tina Kufner (Wife or Mother) to her various creditors including, without limitation: (a) first to Attorney Sharon O'Keefe and Dr. Carole Jenny (who is paid through Sharon O'Keefe); and then to (b) Mercymount School.

**II. Reasoning.**

2.1 On March 15, 2007 this court issued an emergency order transferring custody of the parties' two minor children to Father.

**A. GAL / Dr. Jenny - $8,800 to March 13, 2007**

2.2 On February 14, 2007 this court appointed Attorney Sharon O'Keefe (O'Keefe) as Guardian Ad Litem (GAL). The order

requires O'Keefe to submit her bills to counsel for the parties. The court made clear, orally, that each party was responsible for one-half of the GAL's bills.

2.3 O'Keefe's bills were to also include any expert fees incurred as a result of her appointment which by inference include fees for the services of Dr. Carole Jenny. Thereafter, on March 19, 2007 the court specifically awarded Dr. Jenny $3,500 in expert witness fees and ordered the parties to equally pay that amount forthwith.

2.4 a. To date, O'Keefe has submitted two bills to the parties totaling $22,680, which included an estimated $4,000 for Dr. Jenny.

b. Husband paid his one-half of the first invoice on February 28, 2007 in the amount of $4,680, and one-half of the second invoice on March 13, 2007 in the amount of $6,660 for a total paid by Husband of $11,340.

c. According to O'Keefe, she has received only $2,500 from Wife, leaving Wife with a current balance of $8,800.

d. And, there will be more money due the GAL for her on-going work.

**B. Mercymount School - $5,500**

2.5 On March 16, 2007 this court issued a temporary oral order, later followed by a written order, continuing custody of the children with the Father. Part of the order required Father

to continue the children's current enrollment in Mercymount School.

2.6 Since the children have been in the USA, Father has continued to pay for the children's private school tuition and fees in Germany so that upon the children's hoped-for return to Germany, they will still have a place in that school. In Germany, the parties had jointly chosen and enrolled their children in that private school.

2.7 Upon Mother's removal of the children from Germany to Rhode Island, Mother unilaterally enrolled the children in Mercymount School obligating herself to pay about $5,500 for the months of February through May, 2007.

2.8 Once custody was transferred from Mother to Father and the school notified, the school then notified Father that Mother had not paid Mercymount school any of the approximately $5,500 in tuition and fees due for the parties' children's attendance.

2.9 Now, the Mercymount School seeks payment from Father so the children can remain enrolled in that school.

2.10 The fees for Mercymount school should be paid by Mother as it was Mother's unilateral act which placed them into Mercymount School after she unilaterally removed the children from their long-term attendance at their private school in Germany.

2.11 Father has already had to spend an enormous amount

of money to pay, among other things, lawyers, experts, investigators, medical expenses for Matthias, expenses for witnesses, transcripts and translations. Father should not be required to incur further expenses created by Mother.

**C. Further Argument**

2.12 Upon belief, in Germany, when a parent receiving alimony wrongfully removes the children out of the jurisdiction, that act ends the left-behind parent's obligation to pay alimony and child support. Under German law, Husband's obligation to pay alimony and child support to Wife terminated in January. However, this court ordered Husband to continue making the alimony payments to Wife; and Husband has done so.

2.13 Given the history of the Wife failing to comply with and acting in contempt of orders made by both the German and USDC (RI) courts, Husband submits that, but for the allowance of this motion, Wife will not pay her half share of the GAL and Dr. Jenny's bills, nor pay Mercymount School.

2.14 The money going to Wife as alimony should now be redirected from her to Wife's creditors including (a) the GAL; (b) Dr. Jenny; and (c) Mercymount School.

**III. Conclusion.**

3.1 Based upon the above, the court is moved to grant the relief requested.

Dated: March 22, 2007

Respectfully submitted,
Dominik Kufner, by his attorneys

/s/ Gerald L. Nissenbaum

Gerald L. Nissenbaum, Esq.
(MA BBO# 372400)
NISSENBAUM LAW OFFICES
160 Federal St., 24th Fl.
Boston, MA 02110
617.330.9090
617.330.6909 (fax)

Charles A. Tamuleviz, Esq.
(Fed. Bar# 6115)
TAMULEVIZ, HULQUIST & BIANCHI, LLP
144 Westminster St.
Providence, RI 02903
401.490.2939
401.490.2940 (fax)

Bradford Neal Martin, Esq.
(Fed. Bar #3310)
BRADFORD NEAL MARTIN & ASSOC. PA
75 Beattie Place, Ste. 910
Greenville, SC 29601
864.552.9990
864.552.9992 (fax)

CERTIFICATION OF SERVICE

On this 22nd day of March 2007, I caused the forgoing, Petitioner's Motion to Redirect Alimony Payments Due Respondent to Respondent's Various Creditors, to be filed electronically and it is available for viewing and downloading from the ECF system.

By E-mail to:

Richard A. Boren, Esq.
Visconti & Boren Limited
Providence Square Building
55 Dorrance Street
Providence, RI 02903
E-mail: rab@viscontilaw.com

/s/ Gerald L. Nissenbaum

Gerald L. Nissenbaum, Esq.
(MA BBO# 372400)
NISSENBAUM LAW OFFICES
160 Federal St., 24th Fl.
Boston, MA 02110
617.330.9090
617.330.6909 (fax)
E-mail: jerry@nissenbaumlaw.com