UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

In re the Application of: Case No. CA 07 046S

DOMINIK KUFNER,
Petitioner,

v.

TINA KUFNER,
Respondent.

**PETITIONER'S MOTION TO ORDER RESPONDENT TO TURN OVER ALL COPIES OF SEALED PHOTOS IN HER POSSESSION TO COURT.**

**I. Relief requested.**

1.1 Petitioner, Dominik Kufner (Husband or Father) moves the court to order Respondent, Tina Kufner (Wife or Mother) to:

a. turn over all originals and all copies of all sealed photographs she may have in her possession to the court for safe keeping;

b. turn over her computer so that an expert designated by the court (at Husband's expense) may remove and delete all entries regarding sealed photographs from Wife's computer; and

c. prohibit Wife's counsel (current and all prior counsel) and any experts Wife may hire from providing the sealed photographs to Wife.

**II. Reasoning.**

2.1 In order to protect the children, the court sealed

certain photographs of the parties' two minor children.

2.2 By sealing the photographs, the court sought to prevent dissemination of that material.

2.3 On March 16, 2007, Father learned that Mother was showing copies of the sealed photographs to various people at the children's school, Mercymount School, when the court (Smith, J.) reported the content of his conversation with the Vice Principal of the Mercymount School during the hearing. Father is concerned that Mother has or will show the sealed material to others at the school and elsewhere in what may be her on-going campaign to justify her claims in a mass media or other forum.

2.4 At the time Mother showed the photographs to the Vice Principal, she knew the photographs were sealed by the court yet she was unable to help or stop herself and felt it more important to further her attempt to make Father out to be a sexual predator.

2.5 Mother has proven, time and time again, that she will disobey this court's authority and violate orders.

2.6 Father has reasonable justification to believe Mother will not obey the "seal" order, as re-stated by the court on March 16, 2007.

2.7 Father believes the only way to truly protect the parties' children from having the photographs further disseminated by Mother is to ensure Mother does not have access

to originals, computer or other copies of the photographs.

2.8 The court is also requested to order Mother's current and all prior counsel and experts to not provide Mother with any copies or originals of said sealed photographs.

**III. Conclusion.**

3.1 Based upon the above, the court is asked to grant the relief requested.

Dated: March 22, 2007

Respectfully submitted,
Dominik Kufner, by his attorneys

/s/ Gerald L. Nissenbaum

Gerald L. Nissenbaum, Esq.
(MA BBO# 372400)
NISSENBAUM LAW OFFICES
160 Federal St., 24th Fl.
Boston, MA 02110
617.330.9090
617.330.6909 (fax)

Charles A. Tamuleviz, Esq.
(Fed. Bar# 6115)
TAMULEVIZ, HULQUIST & BIANCHI, LLP
144 Westminster St.
Providence, RI 02903
401.490.2939
401.490.2940 (fax)

Bradford Neal Martin, Esq.
(Fed. Bar #3310)
BRADFORD NEAL MARTIN & ASSOC. PA
75 Beattie Place, Ste. 910
Greenville, SC 29601
864.552.9990
864.552.9992 (fax)

CERTIFICATION OF SERVICE

On this 22nd day of March 2007, I caused the forgoing, Petitioner's Motion to Order Respondent to Turn Over All Copies of Sealed Photographs in her Possession to the Court, to be filed electronically and it is available for viewing and downloading from the ECF system.

By E-mail to:

Richard A. Boren, Esq.
Visconti & Boren Limited
Providence Square Building
55 Dorrance Street
Providence, RI 02903
E-mail: rab@viscontilaw.com

/s/ Gerald L. Nissenbaum
Gerald L. Nissenbaum, Esq.
(MA BBO# 372400)
NISSENBAUM LAW OFFICES
160 Federal St., 24th Fl.
Boston, MA 02110
617.330.9090
617.330.6909 (fax)
E-mail: jerry@nissenbaumlaw.com