UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Case No. CA 07 046S

DOMINIK KUFNER,
Plaintiff (Petitioner),

v.

TINA KUFNER,
Defendant (Respondent).

PETITIONER'S MOTION THAT NO STAY OF THE JUDGMENT BE GRANTED

And
[if the court permits Attorney Boren to withdraw and Respondent again files her motion]

PETITIONER'S OPPOSITION TO RESPONDENT'S "MOTION FOR A STAY & IMMEDIATE CHANGE OF CUSTODY"

Respondent, Tina Kufner's "Motion for a Stay * Immediate Change of Custody" (Motion) should be denied for both procedural and substantive reasons; and as explained in detail below, the judgment of return, if entered, should not be stayed.

**I. No stay should be granted.**

1.1 Beyond the Respondent having made no case for the issuance of a stay, there are substantive reasons why a stay should not be granted.

> The grant of an emergency motion to stay a district court's order is an exceptional remedy, which will be granted only upon showing that: (1) the movant is likely to

> prevail on the merits on appeal; (2) absent a stay, comma, the movant will suffer irreparable damage; (3) the non-movant will suffer no substantial harm from the issuance of the stay; and(4) the public interest will be served by issuing the stay. Garcia-Mir v. Meese, 781 Fd.2d 1450, 1453 (11th Cir. 1986). Ordinarily, the first factor is the most important and, in order to find a likelihood of success on the merits, we must find that the district court's decision is clearly erroneous. Absent being able to establish the first factor, a movant for emergency stay relief must establish that the three remaining factors for stay relief, 'the equites" tend strongly in her favor. See also, Gonzalez v. Reno, 2000 W.L. 381901 (11th Cir. 2000).

Robles Antonio v. Barrios Bello, 2004 W.L. 1895123 (11th Cir 2004)

1.2 **Respondent has no likelihood of success on appeal** from a judgment of this Court granting the petition and ordering a return of the children to Germany with an immediate release of the children's passports to the Petitioner so that he may comply with said order.

1.3 By way of broad summary, Respondent never proved Germany cannot protect the children from any claims of possible harm. Respondent never presented expert testimony to support any of her claims. On the other hand, Dr. Jenny presented evidence which fully contradicted and wholly rebutted each and every one of Respondent's claims, showing that Germany in fact did a fabulous job of investigating

Respondent's claims. Further, this Court may find that Respondent was not a credible witness and that her testimony is to be given no weight.

1.3 This Court, the Guardian ad Litem and the Petitioner are in agreement that the two children have been through an enormously difficult time and that they **need to promptly commence therapy** with a caring therapist who can be their therapist for a substantial period of time. If the Court orders a return, then the Petitioner would get the children started in that therapy shortly after they are returned to Germany. Delaying a return will necessarily delay the start of therapy, to the children's detriment.

1.4 Delay of a return necessarily also delays the children from being able to re-integrate into their school and re-connect with their extensive family and numerous friends, to their detriment.

1.5 Further, in the unlikely event Respondent is successful on appeal, the case will be remanded to this Court for a new trial or for other orders not inconsistent with the remand order. If, after remand or a new trial the Court then orders the children to be returned to Rhode Island from Germany, then the father would comply.

1.6 Therefore denial of a stay to Respondent would not unduly

prejudice her. But, issuing a stay would unduly prejudice and probably unduly harm the children.

## II. Procedural defects in said Motion.

2.1 Respondent's Motion is based upon a fundamental flaw, in apparently thinking the evidence in this case remains open. The Court closed the presentation of evidence on Thursday, March 8, 2007 and, thereafter, only expert testimony would be accepted until 5:00 p.m. on Wednesday, March 14, 2007.

2.2 (a) At the moment, Respondent is represented by an attorney, Richard A. Boren, Esq., who was admitted into this case on March 16, 2007, just six days before this pro se Motion was filed. Attorney Boren remains counsel of record.

(b) Respondent has not filed any pro se appearance, nor would this be proper until such time as Attorney Boren moved and the Court allowed his motion to withdraw.[1]

2.3 Respondent's Motion is wholly based upon *unverified* claims. Unverified claims should be given no weight by this Court.

2.4 Respondent claims she has documents to support her

[1] As this motion was being prepared, we received Attorney Boren's motion to withdraw. We oppose the motion because he knew or should have known that his getting into a case at the end of the trial would, in itself, be putting himself into a difficult position.

unverified claims, but such documents were neither produced nor admitted into evidence; and thus, cannot be a basis for relief.

2.5 Respondent also grounds her Motion on several erroneous propositions:

(a) While the December 20, 2006 order of the Weilheim Court did not prevent her from leaving Germany, she gave an undertaking that she had no intention of removing the children from Germany without either permission of that Court or from the Petitioner. Respondent's trial testimony is that she had no such permission.

(b) The December 20, 2006 Order required Respondent to place and keep the children's American passports at the U.S. Consulate in Weilheim, Germany until January 31, 2007. Petitioner admitted at trial she took the passports from the consulate on or before January 25, 2007 and used them to remove the children from Germany.

(c) Respondent fails to comprehend or accept that her removal of the children from Germany and retention of the children in Rhode Island was and is in violation of the Petitioner's right to custody.

(d) Respondent's trial testimony confirmed that, but for her removal of the children from Germany, Petitioner would have continued to exercise his rights of custody.

(e) The Weilheim Court issued an Article 15 order finding Respondent unlawfully removed the children from Germany, which order is incorporated by reference.

2.6 Respondent's claim, that she had a right to remove the children to Rhode Island to get medical treatment is flawed on both procedural and a substantive grounds:

(a) Procedurally, Respondent never raised this medical issue in a German court. By definition, she cannot and, in fact, she did not even try to offer any evidence to prove that the German court would not protect the child if she raised ay medical issues in Germany.

(b) Substantively, the evidence at trial showed that in Germany the children were (i) taken to see their regular pediatrician, (ii) Matthias was taken to see expert ENT doctors on a regular basis, and (iii) history promotes confidence that there was no need for immediate surgery, something confirmed by Dr. Keamy.

(c) In February 2007 Matthias was seen by Dr. Keamy at the

Massachusetts Eye and Ear Infirmary in Boston, MA. After Matthias was examined, Dr. Keamy reported Matthias had no loss of hearing, nor a need for an immediate operation.

(d) By definition, if there was and is no emergency. Respondent had time to seek relief from the Court in Germany, but chose not to do so.

(e) Beyond ruling there is no emergency, this Court should defer all medical issues to Germany, where Respondent is free to take this matter up again.

2.7 (a) Just last Friday, March 16, 2007, this Court ordered Respondent cannot request unsupervised visitation until *after* she obtains a psychological evaluation. No such evaluation is presented in Respondent's Motion.

(b) Respondent has failed to provide the name of the psychologist, the tests she will be taking, the protocol to be used, etc.

2.8 Assuming this matter is critical or materially relevant to the merits of Respondent's defenses to a return of the children to Germany, which Petitioner asserts it is not, Petitioner claims she did not "relocate her children to a hotel under an assumed name." But, Respondent failed to

produce hotel registration documents to substantiate this unverified claim. At trial, the Respondent testified she left Germany because of the content of a certain and still-not-identified-and-not-offered-as-an-exhibit document she claimed she got from the court in Germany or from the GWG. Given she failed to produce that crucial document, the Court should not have confidence that, if the record was still open, Respondent would produce other documents to support her claim.

2.9 Respondent's unverified claim, that she was never presented with a release for her to sign in favor or the "German Youth and Welfare Office", needs to be, but has not been verified by her prior counsel, Attorney Pollack, to whom the document was given for Respondent's signature.

**III. Substantive defects in said Motion.**

3.1 Respondent's claim that she has now contacted Dr. Streif and made arrangements to "finish the [MMPI-II]" in Rhode Island is, unverified, curious, and irrelevant:

(a) There is no certainty that in fact this claim is true, but if so, there is no certainty or control that the Respondent will be the person completing the test in Rhode Island.

(b) Respondent provides no explanation or rationale as to why she did not complete this test in Germany when asked to so many months ago by the GWG.

(c) Respondent's claim, that she is now going to complete the test, proves her prior failure was willful and intended to try to hamper, defeat and delay the completion of work done by the GWG and the court proceedings in Germany.

(d) Respondent's trial testimony claimed Dr. Streif's English-speaking capability was poor and that Respondent's Germany-speaking ability was not good. Yet, now, Respondent is suddenly well able to communicate with Dr. Streif, thus proving she could have AND the children could have all well communicated with him while they were in Germany.

3.2 (a) Respondent's unverified claim that she has arranged to have a "Psychological Evaluation" performed over three days, March 28 and April 11 and 20, 2007, does not go to the issue of her having wrongfully removed the children to and wrongfully retained the children in Rhode Island all without permission of the German court and Petitioner.

(b) The March 16, 2007 Order of this Court said that

Respondent must present evidence by a psychologist before can seek a change in the provision requiring her to have a visitation supervisor.

(c) Respondent's Motion if fundamentally flawed because she assumes that psychological evaluation will demonstrate that going forward she should be permitted to have unsupervised visitation. Until that evaluation is presented to the Court, Respondent's Motion is premature.

3.3 (a) Respondent's claim she "came to America with her children to get proper medical Treatment (sic) ..." does not hold water. Indeed, it is disingenuous.

(b) Respondent only claimed Matthias needed medical treatment - not Joseph. Assuming, *arguendo*, that Matthias needed treatment which was not available in Germany, Respondent provided no evidence that Germany could not treat Matthias. Further, she provided no evidence that Joseph needed medical treatment, which was her claimed basis for bringing him to America. The only true reason for removing Joseph from his school, from his father's custody, was so that she could move the two children to America permanently.

(c) Respondent also falsely claims she has "not gone

against any court orders." And, on this point, the Petitioner asks the Court to rely upon its own memory of the facts and circumstances and the record in this case which discloses her chronic defiance of orders of this Court.

## IV. Conclusion.

4.1 For the above reasons, the Court should, in the sound exercise of its discretion, deny Respondent's Motion, and if the Court orders that the children should immediately be returned to Germany in Petitioner's custody and that the clerk of the court should forthwith release the children's USA and German passports to Petitioner, Dominik Kufner, there should be no stay granted to Respondent.

Dated: March 23, 2007

Respectfully submitted,
Dominik Kufner, by his attorneys

/s/ Gerald L. Nissenbaum

Gerald L. Nissenbaum, Esq.
(MA BBO# 372400)
NISSENBAUM LAW OFFICES
160 Federal St., 24th Fl.
Boston, MA 02110
617.330.9090
617.330.6909 (fax)

Charles A. Tamuleviz, Esq.
(Fed. Bar# 6115)
TAMULEVIZ, HULQUIST & BIANCHI, LLP
144 Westminster St.
Providence, RI 02903

401.490.2939
401.490.2940 (fax)

Bradford Neal Martin, Esq.
(Fed. Bar #3310)
BRADFORD NEAL MARTIN & ASSOC. PA
75 Beattie Place, Ste. 910
Greenville, SC 29601
864.552.9990
864.552.9992 (fax)

## CERTIFICATION OF SERVICE

On this 23rd day of March 2007, I caused the forgoing, Petitioner's Motion That No Stay Of The Judgment Be Granted, to be filed electronically and it is available for viewing and downloading from the ECF system.

By E-mail to:

Richard A. Boren, Esq.
Visconti & Boren Limited
Providence Square Building
55 Dorrance Street
Providence, RI 02903
E-mail: rab@viscontilaw.com

/s/ Gerald L. Nissenbaum

Gerald L. Nissenbaum, Esq.
(MA BBO# 372400)
NISSENBAUM LAW OFFICES
160 Federal St., 24th Fl.
Boston, MA 02110
617.330.9090
617.330.6909 (fax)
E-mail: jerry@nissenbaumlaw.com