UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

In re the Application of: Case No. CA 07 046S

DOMINIK KUFNER,
Petitioner,

v.

TINA KUFNER,
Respondent.

**PETITIONER'S RESPONSE TO RICHARD A. BOREN'S RESPONSE AND OBJECTION TO PETITIONER'S MOTION TO REDIRECT ALIMONY PAYMENTS.**

Now comes the Petitioner, Dominik Kufner (Father or Husband) and responds to Richard Boren's Response and Objection to Petitioner's Motion to Redirect Alimony Payments.

1. Upon Mr. Boren's (Boren) entry into this case on behalf of Respondent, Tina Kufner (Mother or Wife), he sent a letter to Father's counsel alleging that alimony payments for February and March 2007 had not been made by Father to Mother.

2. Immediately thereafter, Father's counsel, Attorney Nissenbaum (Nissenbaum), spoke with Boren and assured him the March payment had been made and that the February 2007 payment would be made forthwith.

3. Proof of Father's alimony payments to Mother are attached hereto as Exhibit 1. Said records show that on March 1, 2007 4836 Euro were transferred to Mother thereby confirming Father's

assertion that his March 1, 2007 alimony payment was timely made to Mother. Said records also show that on March 20, 2007, Father's February 2007 alimony payment, also in the amount of 4836 Euro, was transferred to Mother's account.

4. Mother has paid the visitation supervisor $60 per hour to supervise her visitation. If, as Mother asserts, she did not receive alimony from Father - one must wonder where she got the money to pay the visitation supervisor?

5. It was Mother's conduct which created the debts now due the Guardian Ad Litem, the court appointed expert, Dr. Carole Jenny, and the Mercymount School. By kidnapping these children from their home in Germany, Mother created a situation whereby Father needed to come here, file a petition for their return and incur expenses. The court appointed certain investigators and instructed Mother to pay half the costs. Mother has failed to pay her half. It was Mother's unilateral choice to enroll the children in Mercymount School.

6. That Mother now objects to her alimony payments being used to pay these folks for the services rendered as a result of her conduct is unfair. If Mother's alimony payments are not used to pay Mother's portion of the GAL, Dr. Jenny, and pay the Mercymount school - these folks will go unpaid - something that is completely unfair to these individuals and the overall court process.

7. Mother should not now be able to benefit from her wrongful conduct by choosing to not pay these bills.

Dated: March 26, 2007

Respectfully submitted,
Dominik Kufner, by his attorneys

/s/ Gerald L. Nissenbaum

Gerald L. Nissenbaum, Esq.
(MA BBO# 372400)
NISSENBAUM LAW OFFICES
160 Federal St., 24th Fl.
Boston, MA 02110
617.330.9090
617.330.6909 (fax)

Charles A. Tamuleviz, Esq.
(Fed. Bar# 6115)
TAMULEVIZ, HULQUIST & BIANCHI, LLP
144 Westminster St.
Providence, RI 02903
401.490.2939
401.490.2940 (fax)

Bradford Neal Martin, Esq.
(Fed. Bar #3310)
BRADFORD NEAL MARTIN & ASSOC. PA
75 Beattie Place, Ste. 910
Greenville, SC 29601
864.552.9990
864.552.9992 (fax)

CERTIFICATION OF SERVICE

On this 26th day of March 2007, I caused the forgoing, Petitioner's Response to Richard A. Boren's Response and Objection to Petitioner's Motion to Redirect Alimony Payments, to be filed electronically and it is available for viewing and downloading from the ECF system.

By E-mail to:

Richard A. Boren, Esq.
Visconti & Boren Limited
Providence Square Building
55 Dorrance Street
Providence, RI 02903
E-mail: rab@viscontilaw.com

/s/ Gerald L. Nissenbaum

Gerald L. Nissenbaum, Esq.
(MA BBO# 372400)
NISSENBAUM LAW OFFICES
160 Federal St., 24th Fl.
Boston, MA 02110
617.330.9090
617.330.6909 (fax)
E-mail: jerry@nissenbaumlaw.com