UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Dominik Kufner, Petitioner, | : | |
| vs. | : | C.A. No. 07-046 S |
| Tina Kufner, Respondent. | : | |

**ORDER**

Respondent applies to this Court for in forma pauperis ("IFP") status pursuant to 28 U.S.C. § 1915 and additionally seeks an order that Court assume costs for a transcript of the trial (and related proceedings) in the above matter. Based on the following, Respondent's motion for IFP status is denied, as is her request that the Court assume costs of the transcript.

Respondent's IFP application contains substantial, and relevant, omissions, including answers concerning her sources of income and the values of any transferred assets. Additionally, her answer about the status of her alimony and support payments is, at best unclear and incomplete, and at worst, misleading. This Court also finds not credible Respondent's assertion that her only asset is a low-value car left behind in Germany. Respondent's secondary submission, which was filed with a request to place it under seal, is barely understandable as there are numerous documents, including account statements, that are in German and not translated. Respondent has made an insufficient showing that she is entitled to in forma pauperis status, and accordingly, her motion for in forma

pauperis status is DENIED. Because Respondent is, therefore, not proceeding in forma pauperis, her motion to direct the United States to pay the transcript fees is also DENIED.

With respect to Respondent's motion for the Court to direct payment of the transcript fees, this Court notes that even were it to find that Respondent did qualify for IFP status, pursuant to 28 U.S.C. § 753(f) the Court has discretion to deny a motion seeking payment of transcript fees if it finds that an appeal is frivolous or that the transcript is unnecessary to decide the issue presented on appeal. This Court cannot envision a legitimate bases for appeal, nor has any effort been made by the Respondent to attempt to explain the legal basis for her appeal in order to persuade the Court that it is substantial and non-frivolous. So far as this Court can discern, the Respondent's appeal is premised on her disagreement with the outcome. Thus, because this Court finds that an appeal would be frivolous, even were Respondent able to proceed in forma pauperis, this Court would exercise its discretion to deny Respondent's motion to compel the United States to pay the transcript fees. It should be noted that nothing in this Order prevents the Court of Appeals itself from ordering the United States to pay the cost of the transcript fees.

It is so ordered.

WESmith

William E. Smith
United States District Judge
Date: 4/6/07