UNITED STATES DISTRICT COURT
THE DISTRICT OF RHODE ISLAND

DOMINIK KUFNER, C.A. No. 07-46S
Petitioner,

v.

TINA KUFNER,
Respondent.

**PETITIONER'S REPLY TO RESPONDENTS MOTIONS FOR EXPEDITED PAYMENT.**

## I. Introduction

Respondent is attempting to argue issues of alimony, child support, and custody that are not within the jurisdiction of this Court. This Court only had jurisdiction over the Hague Convention issues and this case is now closed at the District Court level. But out of an abundance of caution, Father answers Mother's scurrilous charges as follows:

## II. Arguments

### Issues Regarding Money

Mother's primary concern in this case has been money. She has squandered her own money and taken money belonging to her children. Now rather than seeking employment and attempting to get her own financial affairs in order, Respondent is working to financially ruin Father; all to the detriment of her children.

When Father and Respondent separated, Father chose to live in a smaller residence close to the children's school. Respondent refused to move closer to the children's school, even after losing her driver's license. Respondent made the choice not

to reduce her expenditures, for example taking expensive taxis rather than the train and sending the children to school and back in a taxi.

Respondent was paid € 70,000 between November 2005 and March 2006 in an attempt to prevent her from abducting the children to America. Respondent then took € 40,000 from the children's account.[1] After that time, Respondent received € 4,836 every month from April 2006 to January 2007. Father submits proof of alimony payments made to Respondent in contradiction to her statement in her "Emergency Motion for Petitioner's to Pay for Petitioner's Legal fees" (Document 102). No evidence has been presented to the Court that the Petitioner has taken money rightfully belonging to the Respondent. Since November 2005, Respondent has received $238,706.25.[2] Certainly, she has the means to return the children to the condition they were in before the kidnapping.

Since March 2006 when the alimony of $4,000 € and the child support of 836 € was agreed upon, Father has not failed to make a single payment. Father is not holding back the last three months of alimony as alleged by Respondent, rather he was ordered by this Court to pay that money into an escrow account held by his Attorney so that certain court expenses could be paid. Respondent's allegation that Father has submitted forged bank documents is untrue. (See Bank documents.)

Father never told Respondent to use money that had been put into a fund in her son Joseph's name; to the contrary, the German Court found Respondent guilty of taking this money. As indicated in the very exhibits the Respondent introduces, she transferred

[1] Respondent's statement that she did this at Father's request is untrue.

[2] The amount includes $56,824 that was removed from the children's account. Father was also ordered to pay three months of alimony into his attorney's escrow account for payment of Dr. Jenny, the guardian ad litem, and the children's private school costs in Rhode Island. Respondent has not paid for any of these costs.

money from the sale of her business and money belonging to her children to her own account and used the money for her own purposes.

There is also no truth to Respondent's allegations that Father forced her to live in an expensive residence and then cut off her support so that she would not be able to support herself and the children. Respondent chose to live in a house on a Count's estate and chose to furnish the house with the items she now claims will not fit into any other residence. Father was under no obligation to pay the Respondent's rent for her, especially after she left for the United States, with the children with no plans to return to Germany.

Paragraphs k, l, p, and q of Respondent's Motion filed as Document 102 allege Father stole items of value from the Respondent's residence in Germany during her absence. Respondent has filed a police report against Father regarding the removal of several items by Father's sister, at his request. The items removed were items that belonged personally to the Father: inheritance items from his grandmother, and gifts to him including christening presents. Attached as Exhibit 3 is a letter Father sent to the German police listing the items he removed.[3] Respondent notes a May 10, 2006 letter for the proposition that she was told she could keep the Father's personal items. The letter, in fact, demonstrates that Respondent was wrongfully retaining items and money that belonged to the Father. Father offered to leave Respondent with a number of household items at that time but specifically requested the return of a number of personal items.

**Issues Regarding Custody**

Respondent alleges Father kidnapped the children for 10 days beginning February 17, 2006. Respondent fails to disclose that the parties agreed orally that Father would

[3] This letter was recently received and has not been translated.

have the children during the ski holiday and then changed her mind two days before he was to have the children. Upon advice of counsel, Father took the children for the holiday, fearing their wrongful removal to the U.S. Father's counsel worked to reach an agreement with Respondent that she would relinquish the children's passports. When she refused to comply, Father kept the children only until he received confirmation that the passports had been deposited. The current situation and Respondent's refusal to voluntarily hand over the passports shows that Father's concerns were extremely well founded.

Respondent alleges that Father's goal has been to obtain legal custody of the children and to prevent her from seeing them. Father worked to allow Respondent access to the children and agreed to joint custody until the time that Respondent abducted the children.

Father has been awarded sole temporary custody of the children and is, therefore, bearing the entire cost for their support. In Paragraph q of her Motion, Respondent claims that Father has kept her from seeing or speaking with the children. Both the German and Rhode Island Courts made the decision to award custody to Father and he is to provide Respondent reasonable access to the children in Germany. Respondent has failed to apply to the German Court for visitation. Father has applied to the German Courts regarding supervised visitation for the Respondent if Respondent complies with certain provisions. Respondent has shown a pattern of bad behavior during supervised visitation. Respondent continues to show she has no regard for the children; she has called them late at night and has been hostile and inappropriate in her conversations with

them, even telling the older son it is dangerous for him to sleep upstairs in his father's house.

**III. <u>Conclusion</u>**

The issues of alimony and custody are properly before the German Court and this Court has not jurisdiction over those matters. Respondent states in her motions that she is impoverished and has been victimized by Father. Respondent ignores the fact that she was given large sums of money which she chose not to preserve for the maintenance of herself and her children. Respondent is taking up the time of the Court and that of Father by continuing to file frivolous motions. Respondent's motions should be dismissed and costs assessed against her.

Respectfully submitted,

May 21, 2007

Charles A. Tamuleviz, Esq. (Fed. Bar #6115)
TAMULEVIZ, HULTQUIST, & DIANCHI
144 Westminster Street
Providence, Rhode Island 02903
401.490.2939
401.490.2940 (fax)

/s/ Bradford N. Martin
Bradford N. Martin (Federal Bar #3310)
BRADFORD NEAL MARTIN & ASSOCIATES, PA
75 Beattie Place, Ste. 910
Post Office Box 10410
Greenville, South Carolina 29603
864.552.9990
864.552.9992 (fax)

Gerald Nissenbaum, Esq.
NISSENBAUM LAW OFFICES
The Landmark
160 Federal Street, 24th Floor
Boston, Massachusetts 02110
Phone: 617-330-9090
Fax: 617-330-6909

ATTORNEYS FOR PETITIONER

**Certification of Service**

On this 21st day of May, 2007, I caused the within document to be filed electronically and it is available for viewing and downloading from the ECF system to the registered participants and as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ Bradford N. Martin

Bradford N. Martin (Federal Bar #3310)
BRADFORD NEAL MARTIN & ASSOCIATES, PA
75 Beattie Place, Ste. 910
Post Office Box 10410
Greenville, South Carolina 29603
864.552.9990
864.552.9992 (fax)