IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| In re the Application of:<br><br>DOMINIK KUFNER<br>Stefanieweg 11<br>82335 Berg-Mörlbach, Germany<br><br>Plaintiff,<br><br>vs.<br><br>TINA KUFNER<br>Gut Racherbach<br>82407 Wielenbach, Germany<br><br>Defendant | : | Case No.<br><br>**AFFIDAVIT OF DOMINIK KUFNER** |

PERSONALLY APPEARED BEFORE ME, the undersigned, whom, being duly sworn, deposes and states as follows:

1. I, Dominik Kufner, am a citizen and resident of Munich, Germany.

2. I first called upon Brad Martin in this case, who had represented my father's company and me personally in preparing the antenuptial agreement and working out the marital provisions with Tina Kufner's attorney in the United States. I also used Mr. Martin in March of 2006 to research what legal protections I may have in the event of an international kidnapping.

3. I had information that Tina and the children could be in New York, Las Vegas, or Rhode Island. Once I was able to locate the children in Rhode Island, I then had to hire local counsel to appear with Mr. Martin.

4. Tina Kufner retained Barry Pollack and his firm Sullivan & Worcester to represent her. Pollack presented himself as an authority on the Hague Convention with the resources of a 200 person firm behind him.

5. In response to Pollack's appearance in the case, I retained Jerry Nissenbaum, who has been involved in numerous Hague Convention cases.

6. Tina Kufner has accused me of withholding money from her. This allegation is false.

7. Respondent was paid € 70,000 between November 2005 and March 2006 in an attempt to prevent her from abducting the children to America.

8. Respondent then took € 40,000 from the children's account.

9. After that time, Respondent received € 4,836 every month from April 2006 to January 2007

10. Tina Kufner has received an average of 11,000 € per month for the past 20 months.

11. Tina Kufner refused to move from the home she chose to rent following our separation. In November of 2006 she finally agreed to move to a less expensive residence, but failed to do so.

12. Tina made the choice not to reduce her expenditures, for example taking expensive taxis rather than the train and sending the children to school and back in a taxi.

13. Tina Kufner stopped paying rent on her residence prior to January 2007. While in the United States she continued to choose not to pay her rent.

14. Alimony payments were transferred to Tina Kufner's bank account in February and March of 2007 as verified by the payable lists from the bank. See Exhibit A. The payments

for April, May and June were made to my attorney's escrow account as ordered by the court. Exhibit B.

15. I had to borrow $700,000 from my father, for which I have signed a promissory note, plus incur substantial additional debt to obtain this Court's Order of Return.

16. I do not own any shares in my family's textile company. My relationship to the company is that of an employee.

17. Tina Kufner has also accused me of telling her to spend the money from the sale of her business and then filing for divorce after the money was depleted. This accusation is also false.

18. Tina alleges I kidnapped the children for 10 days beginning February 17, 2006. We had agreed orally that I would have the children during the ski holiday and then changed her mind two days before he was to have the children. Upon advice of counsel, I took the children for the holiday, fearing their wrongful removal to the U.S. My German counsel worked to reach an agreement with Tina that she would relinquish the children's passports. When she refused to comply, I kept the children only until I received confirmation that the passports had been deposited.

19. Following her return to Germany Tina Kufner has continued to engage in behaviour that is harmful to me and the children.

20. Tina Kufner filed child pornography charges against me with the German Bundeskriminalamt. The case was then handed down to the local police.

21. These charges were filed after the German and U.S. District Court determined the photographs were not pornographic and in violation of the U.S. District Court's Order that she hand over or destroy all copies of the photographs in her possession.

22. I spoke to Mrs. Stadler of the police investigative unit in the town of Fuerstenfeldbruck on Wednesday May 2nd.

23. Mrs. Stadler clearly mentioned that the charge was child pornography and without having viewed all my documentation about how two courts etc. have been through this, she judged the pictures to be non-pornographic. I then described the history and she agrees that this seems to be a frivolous claim. As mentioned, it will still go to the DA and from there we may get access to the files.

FURTHER AFFIANT SAYETH NAUGHT.

Dominik Kufner

Sworn before me on this ______ day of ____________________.

______________________________

URNr. 2502/2007

Beglaubigt wird hiermit die Echtheit der vorstehenden, vor mir anerkannten Namensunterschrift von

Herrn Dominik Andreas Kufner, geb. am 17.05.1967, wohnhaft Stefanieweg 11, 82335 Berg,

ausgewiesen durch Vorlage seines Personalausweises Nr. 8263098163.

München, den einundzwanzigsten Mai zweitausendsieben

Dr. von Pelet-Narbonne, Notarvertreter