UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DOMINIK KUFNER :
:
v. : C.A. No. 07-46S
:
TINA KUFNER :

**MEMORANDUM AND ORDER**

Before the Court for determination is Petitioner's Motion for Order of Fees and Costs pursuant to 42 U.S.C. § 11607(b)(3). (Document No. 93). Respondent has filed multiple *pro se* pleadings objecting and seeking other miscellaneous relief. (See Document Nos. 94, 99, 102, 103 and 104). On April 16, 2007, District Judge Smith allowed Respondent thirty days to respond to Petitioner's Motion for Fees and Costs and he denied "all other requests for relief." See Whallon v. Lynn, 356 F.3d 138, 140 (1st Cir. 2004) (declining "respondent's belated invitation to use a fee award determination arising out of Hague Convention proceedings as a means of rectifying past violations of child support obligations."). Petitioner's Motion for Fees and Costs has been referred to me by Judge Smith for determination. 28 U.S.C. § 636(b)(1)(A); LR Cv 72. Both parties have made extensive submissions to the Court in connection with this issue, and I have determined that no hearing is necessary.

In reviewing this Motion, a few points are easily resolved and undisputable.

1. Petitioner was the prevailing party in this action and obtained a Court Order that the couple's "children shall be forthwith returned to their country of habitual residence, Germany." Document No. 69 at p. 49.

2. Since Petitioner prevailed, the Court must order the Respondent "to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate." 42 U.S.C. § 11607(b)(3).

3. Given Judge Smith's decision in this case and the record as a whole, an award of fees and costs against Respondent would not be "clearly inappropriate."

4. Finally, Petitioner's request for fees and costs of nearly $1 million for a case which was litigated from Complaint (January 31, 2007) to Opinion and Order of Return (March 28, 2007) in fifty-six days is not reasonable. Over those fifty-six days, this case was the subject of six chambers conferences and nine hearing days which totaled approximately thirty-two hours of "on-the-record" court time. For instance, Petitioner seeks reimbursement for four partner-level trial attorneys for over 1,300 hours of legal work, at hourly rates ranging from $700.00 to $300.00 per hour. Petitioner also seeks reimbursement for a wide range of miscellaneous expenses such as a $567.15 dinner at Al Forno restaurant on February 28, 2007, a bar bill of $196.05 from Al Forno on February 27, 2007, approximately $90,000.00 for round-the-clock surveillance of Respondent and other investigative expenses,[1] and $3.19 for a water and a bag of M&Ms on February 4, 2007.

[1] Petitioner contends that such surveillance expenses were necessary to prevent Respondent from fleeing Rhode Island with the children. While Petitioner may have been prudent in keeping tabs on Respondent's whereabouts, he has not established why this was a "necessary" expense during the pendency of this case particularly in light of Judge Smith's orders at the outset of this case prohibiting removal and requiring surrender of the children's passports. See Document Nos. 3 and 12. Also, this Court has not found any reported decisions under § 11607(b)(3) awarding such expenses under these circumstances.

**Discussion**

There are relatively few reported decisions dealing with fee and expense petitions under § 11607(b)(3), and none dealing with a near seven-figure request. It is, however, fundamental that the Court "has the obligation to determine whether the requested fees and costs were 'necessary' to secure the children's return." Aldinger v. Segler, 157 Fed. Appx. 317, 2005 WL 3116540 (1st Cir. 2005) (citing Whallon v. Lynn, 356 F.3d 138, 140 (1st Cir. 2004)). The Court may also utilize the "lodestar method" to evaluate the reasonableness of attorney billing rates and hours billed. Id. See also Freier v. Freier, 985 F. Supp. 710, 712 (E.D. Mich. 1997) (employing the lodestar method and noting, "[h]ours may be cut for duplication, padding or frivolous claims. In complicated cases, involving many lawyers, deducting a small percentage of the total hours may be used to eliminate duplication of services"); Berendsen v. Nichols, 938 F. Supp. 737, 738 (D. Kan. 1996) (in order to determine "necessary" fees and expenses, the court must determine a "reasonable hourly rate" and "what amount of hours was necessary to petitioner's representation"); and Aldinger v. Segler, 338 F. Supp. 2d 296, 298 (D.P.R. 2004) ("while [petitioner] should not be penalized for his choice of counsel, neither should [respondent] bear the burden of multiple representations").

Applying these general principles to Petitioner's request for attorneys' fees, the Court concludes that the requested hourly rates are unreasonable, and the hours billed were excessive. For instance, as to rates, Petitioner has provided no support for his contention that $700.00 per hour is necessary to retain a lawyer capable of handling a Hague Convention case or that $400.00 per hour is reasonable for a lawyer acting as local counsel. In addition, Petitioner has not adequately

explained why it was reasonable and necessary to have a total of nine attorneys and several paralegals working on this case.

Given the importance of the issues in this case to Petitioner and the fact that Respondent was able to secure her own team of highly qualified lawyers on a *pro bono* basis, Petitioner cannot be faulted for finding and retaining his own team on short notice. However, the issue before me is not whether the level and amount of such representation was prudent or successful. Rather, the issue is whether it was a "necessary expense." Petitioner seeks reimbursement for four partner-level trial attorneys (Attorney Nissenbaum: 304.40 hours, Attorney Martin: 542.25 hours, Attorney Tamuleviz: 253 hours and Attorney Hultquist: 211 hours) and it appears that three of these attorneys generally appeared at all court proceedings. Although this level of staffing was plainly overkill, the seriousness of Respondent's sexual abuse allegations, the complexity of this case and Respondent's erratic behavior during the course of this proceeding contributed significantly to Petitioner's substantial legal expenses. See Document No. 69 at p. 23 (Judge Smith noted that "[m]idway through the proceeding, [Respondent] began to exhibit concerning, and perplexing, behavior."). In order to account for these issues, the Court has decided that a one-quarter reduction in hours to eliminate duplication and overstaffing, and a reduction of the hourly rates to a reasonable range of $300.00 to $200.00 for attorneys and $150.00 to $125.00 for paralegals is warranted.[2] See Flynn v. Borders, No. 5:06-323-JMH, 2007 WL 862548 (E.D. Ky. March 20, 2007) (In Hague Convention case, the Court employed lodestar method and noted its "considerable discretion" in determining

---

[2] This Court's local rules (LR Cv 54.1(b)(2)) requires that a motion for attorneys' fees be accompanied by an affidavit from a disinterested attorney regarding the reasonableness of the hourly fee. Petitioner has not provided such an affidavit.

reasonable hourly rates which were set at $275 – partner, $230 – of counsel, $205 – senior associate and $120 – paralegals). The following is awarded to Petitioner as reasonable and necessary legal fees:

| | | |
|---|---|---|
| Attorney Nissenbaum | $300 x 228.30 hours | $ 68,490.00. |
| Associate | $225 x 24.30 hours | $ 5,467.50. |
| Paralegals | $150 x 72.23 hours | $ 10,834.50. |

| | | |
|---|---|---|
| Attorney Martin | $250 x 406.69 hours | $ 101,672.50. |
| Associates | $200 x 111.42 hours | $ 22,284.00. |
| Paralegals | $125 x 115.50 hours | $ 14,437.50. |

| | | |
|---|---|---|
| Attorney Tamuleviz | $250 x 102.5 hours[3] | $ 25,625.00 |

| | |
|---|---|
| **Total Fee Award** | **$ 248,811.00** |

In addition to legal fees, Petitioner also seeks reimbursement for a wide range of other expenses which he claims were reasonable and necessary to secure the return of his children to Germany. The issue of what is a "necessary expense" under § 11607(b)(3) is in large part left to the Court's discretion. Section 11607(b)(3) does not define the term "necessary expenses" other than to indicate that they "includ[e] court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child...." (emphasis added). A review of the reported decisions provides some guidance as to the types of expenses other

[3] In his brief, Petitioner notes that Attorney Tamuleviz was hired to act as "local counsel" and suggests that "the Court may choose to limit reimbursement for local counsel to the 102.5 hours he was required to appear in Court in his capacity as local counsel." Document No. 106 at p. 12, n.14. The suggestion is reasonable and will be followed to further address the inflated legal expenses caused by overstaffing. It is also noted that local counsel's bills are not itemized as required by LR Cv 54.1(b)(1)(A).

courts have, in their discretion, awarded under § 11607(b)(3). See, e.g., Antunez-Fernandes v. Connors-Fernandes, 259 F. Supp. 2d 800, 816-817 (N.D. Iowa 2003) (awarding travel and hotel expenses, translation costs, filing fee and service costs); Freier, 985 F. Supp. at 712 (awarding filing fee, service costs, copying expenses, phone/fax expenses, interpreter, expert witness fees, and transportation costs); and Berendsen, 938 F. Supp. at 739 (awarding phone/fax expenses, witness fees, certified mail and postage, service fees, copying, filing fees, motel and transportation costs).

After review of Petitioner's Motion and supporting exhibits, the Court also orders reimbursement of the following expenses:

| | |
|---|---|
| Court Costs – Filing and Pro Hac Vice Fees | $ 450.00 |
| Translation Costs | $ 12,155.41 |
| Expert Witness Costs | $ 53,800.00[4] |
| Travel / Hotel Costs | $ 12,179.15 |
| Guardian Ad Litem and Court Appointed Expert Fees | $ 13,340.00 |
| Supervised Visitation Fees | $ 2,320.00 |
| Miscellaneous (Process Service Fees, Copies, Computer Research and Deposition Expenses) | $ 11,661.50 |
| **TOTAL** | **$ 105,906.06** |

[4] None of the experts retained by Petitioner actually testified at trial. During the trial, Judge Smith appointed Dr. Carole Jenny, an independent expert, over Petitioner's objection, to opine on the issues which would likely have been addressed by Petitioner's experts had they testified. Given the seriousness of Respondent's allegations and the expedited nature of this proceeding, Petitioner was forced to act quickly in engaging experts and could not have foreseen that such experts may not ultimately be necessary given Judge Smith's retention of Dr. Jenny and her conclusions. Thus, Petitioner's expert witness fees were "necessary" in the context of this case.

**Conclusion**

Petitioner's Motion for Order of Fees and Costs (Document No. 93) is GRANTED in part. Respondent shall reimburse Petitioner for his attorneys' fees in the amount of $248,811.00 and expenses and costs in the amount of $105,906.06.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 23, 2007