UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

C.A. NO. 07-46S

DOMINIK KUFNER

VS.

TINA KUFNER

**RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF APPEAL OF MAY 23, 2007 MEMORANDUM AND ORDER OF MAGISTRATE JUDGE**

Introduction. This matter is before this Court on the Respondent's appeal of the Magistrate-Judge's Memorandum and Order dated May 23, 2007, which Memorandum and Order granted in part the Petitioner's Motion for Fees and Costs pursuant to 42 U.S.C. sec. 11607(b). Respondent submits that the Magistrate Judge has erred and that the Memorandum and Order must be reversed. The bases for the appeal are set forth in this memorandum of law.

I. The Magistrate Judge Erred in Granting Costs and Fees Without Affording the Respondent a Hearing. The Fifth Amendment prohibits deprivation of life, liberty or property without due process of law. U.S. Const. Amend V. Notice and an opportunity to be heard are rudimentary elements of due process. In this case, however, the Magistrate Judge – at a time when the Respondent was proceeding in this Court without the assistance of counsel -- entered an order that amounts to a monetary judgment against the Respondent in an amount in excess of $350,000, without ever affording the Respondent a hearing.

In the Memorandum and Order the Magistrate Judge stated that because of the extensive submissions, "no hearing is necessary." A review of those submissions,

however, reveals that they raise numerous issues of fact which ought to have received consideration prior to any fee determination. For example, in Respondent's pro se Document No. 99, Respondent points out inter alia that she has no source of income with which to pay any fee award. Similarly, in Document 102 Respondent asserts that she has a negative bank account, and in Document No. 104 she asserts that because of her distressed economic position she is unable to pay rent, is without hot water or heat, and that she has substantial medical bills. In these submissions Respondent suggests that Petitioner's conduct – including failure to pay child support and/or alimony – is a substantial cause of her financial distress.

The Petitioner in his submissions contests the Respondent's assertions, raising a factual dispute between the parties that counsels in favor of a hearing. These matters are relevant under Sec. 11607 to the Court's determination whether an award of costs and fees would be "clearly inappropriate." To the extent that a Respondent would be unable to absorb the fee award and still maintain the minimal expenses of her family, a Court may decline to award any fees and costs to the prevailing party. Silverman v. Silverman, 2004 W.L. 2066778 (D. Minn.) (Aug. 26, 2004 Order by Tunheim, J.).

Given the vigorous factual dispute between the parties in this matter, the Magistrate Judge erred in awarding costs and fees without any hearing, depriving the Respondent of her right to due process. The statute requires the losing party to demonstrate that the award would be "clearly inappropriate." 42 U.S.C. sec. 11607(b)(3). Here, by denying the Respondent an opportunity for a hearing, the Magistrate Judge prevented her from meeting that burden of proof. The Memorandum and Order must therefore be reversed.

II. The Magistrate Judge Failed to Give Due Consideration to Facts and Circumstances that Render the Award of Fees and Costs Clearly Inappropriate. The statute provides for an award of costs and fees unless such award would be "clearly inappropriate." Even without a hearing in this case there is ample reason to conclude that an award to the Petitioner would be inappropriate.

According to the Memorandum and Order, the Magistrate Judge based his determination that an award would not be inappropriate upon "Judge Smith's decision in this case and the record as a whole . . ." Memorandum and Order at 2. A careful review of the District Judge's decision[1], however, reveals that although the Court determined that the Respondent had not met the onerous burden of proving that the children would suffer a "grave risk of harm" upon their return to Germany, the District Judge was obviously satisfied that there was a risk of harm to the children in returning them there.

For example, the Respondent argued throughout that she had brought the children to the United States out of concern for the physical health of M.K. After the substantive hearing in this matter the District Judge concluded that there was, in fact, a medical procedure that was necessary in order to address M.K.'s sleep apnea condition. Decision at 39. Although permitting M.K. to return to Germany, the District Judge set forth an "undertaking" that compelled the Petitioner to assure that M.K. would receive the treatment upon his return to Germany. Decision at 39, 48-49. The District Judge stated that the treatment was not urgent, but directed that Petitioner must, upon return to Germany, "act expeditiously to obtain the prescribed medical procedures for M.K. in Germany. Petitioner shall produce verification to this Court that this has been

[1] The Respondent appealed the District Court's judgment and the matter is now pending in the Court of Appeals. Kufner v. Kufner, No. 07-1523 (1st Cir.).

accomplished[2] and any failure to do so shall be in violation of this Order and shall subject toe Petitioner to sanctions for contempt of court." Decision at 48-49.

It is noteworthy that the District Court did not find that M.K.'s medical condition posed no risk of harm; rather the Court concluded that there was no grave risk that M.K. would not receive the treatment upon his return to Germany because the Petitioner promised the Court that the treatment would be promptly obtained. This determination by the District Judge actually affirmed the Respondent's concerns about her son's health and, in essence, confirmed that she had reason to be vigilant regarding M.K.'s need for treatment. Without the Petitioner's promise to obtain the treatment in Germany, the District Judge obviously would have permitted M.K. to remain in the United States to receive the treatment that formed the partial basis for the Respondent's bringing him here in the first place. The Petitioner's failure to provide the District Judge with the verification ordered by the Court serves to further confirm the Respondent's fears and casts doubt upon the wisdom of the District Judge's reliance upon the Petitioner's promises.

Where, as here, the Respondent brought her child to the United States to obtain a medical procedure that the District Judge determined was necessary, and where the District Judge imposed an "undertaking" upon the Petitioner specifically compelling him to arrange promptly for the medical procedure upon his return to Germany, is the award of costs and fees to the Petitioner clearly inappropriate? The Respondent submits that it is. The Magistrate Judge undertook no analysis of this issue or, if he did, plainly

---

[2] The District Court's Decision was issued over three months ago, yet it does not appear that the Petitioner has produced to the Court any verification of the "expeditious" medical procedure for M.K.

misperceived these aspects of the District Judge's decision. The Magistrate Judge erred and the Memorandum and Order must be reversed.

III. Where the District Judge Specifically Found a Risk of Harm in Return of the Children but not a "Grave" Risk of Harm, an Award of Costs and Fees is "Clearly Inappropriate." With regard to risk of harm, the District Court's decision is admittedly unclear. For example, at one point the District Judge concludes that there is "no grave risk (let alone any risk at all) . . . " Decision at 34. Elsewhere, however, the District Court specifically imposes "undertakings" in order to protect the children from being exposed to risk of harm, concluding that the potential for harm is real even if it does not meet the definition of grave risk. Decision at 46, n.34.

Contrary to the Magistrate Judge's inference, it is not proper to assume that costs and fees are appropriate merely based upon the District Judge's conclusion that returning the children to Germany is required. Here the District Judge found a "potential for harm" that is "real." The District Judge may have concluded that the Respondent's defense did not meet the standard of "grave risk of harm" and therefore could not defeat the Petitioner's claim. A careful review of the District Judge's Decision, however, demonstrates that the District Judge confirmed the medical concerns that formed a partial basis for bringing the children to the United States. The District Judge also appers to have found a danger of harm in the return of the children, which danger motivated the District Judge to impose undertakings to protect the children from that harm.

In considering whether costs and fees are "clearly inappropriate" pursuant to sec. 11607(b), the Magistrate Judge should have given due consideration to the findings, conclusions and undertakings by the District Judge that recognized the "potential for

harm" to the children that is "real." On such a record it is "clearly inappropriate" to require the Respondent – the person who perceived the harm and acted to protect the children from it – to bear the Petitioner's attorneys' fees and costs. The Magistrate Judge erred and the Memorandum and Order must be reversed.

IV. The Petitioner's Failure to Comply with Local Rule Cv 54.1(b)(2) Should have Resulted in Denial of the Motion for Fees and Costs. The Magistrate Judge recognized that the Petitioner had failed to support his Motion for Fees and Costs with an affidavit from a disinterested attorney as required by LR Cv 54.1(b)(2). The failure to comply with this Court's Local Rule should have resulted in the denial of the Petitioner's motion. The Magistrate Judge erred in overlooking this requirement, and the Memorandum and Order must therefore be reversed.

V. Conclusion. For the foregoing reasons, and for such additional reasons as may appear at the hearing of this matter, the Memorandum and Order must be reversed.

Respectfully submitted,

Respondent,
By Her Attorney:

/s/Thomas More Dickinson________________________
Thomas More Dickinson (No. 2520)
Law Office of Thomas M. Dickinson
1312 Atwood Ave.
Johnston, RI 02919
Tel. 401-490-8083
Fax 401-942-4918
Email: tmd@appealRI.com

Date: July 20, 2007

CERTIFICATION

I hereby certify that the within document was served upon all parties hereto by transmitting a copy to the address of record of their counsel of record via email through this Court's electronic filing system.

/s/Thomas More Dickinson________________________

Thomas More Dickinson (No. 2520)
Law Office of Thomas M. Dickinson
1312 Atwood Ave.
Johnston, RI 02919
Tel. 401-490-8083
Fax 401-942-4918
Email: tmd@appealRI.com

Date: July 20, 2007