UNITED STATES DISTRICT COURT
THE DISTRICT OF RHODE ISLAND

DOMINIK KUFNER, C.A. No. 07-46S
Petitioner,

v.

TINA KUFNER,
Respondent.

**PETITIONER'S OBJECTION TO RESPONDENT'S REQUEST FOR ORAL HEARING.**

Petitioner objects to Respondent's request for an oral hearing on her appeal of the Magistrate Judge's Order. In sum, there is no need to have and no rule requiring oral argument in the present appeal.

Due process requires only fair treatment, which does not guarantee any particular form of procedure and provides no mandate requiring oral argument in every instance. In re A.H. Robins Co., Inc., 107 F.R.D. 2 (D.Kan. 1985). Due process, which may be said to mean fair procedure, is not a fixed or rigid concept, but, rather, is a flexible standard which varies depending upon the nature of the interest affected, and the circumstances of the deprivation. *See* Mathews v. Eldridge, 424 U.S. 319, 334, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976). The First Circuit stated in Gorman v. University of Rhode Island, 837 F.2d 7, 12 (1st Cir.1988):

> The hearing, to be fair in the due process sense, implies that the person adversely affected was afforded the opportunity to respond, explain, and defend. Whether the hearing was fair depends upon the nature of the interest affected and all of the circumstances of the particular case. 837 F.2d at 13.

Respondent had an adequate opportunity to "respond, explain, and defend." The issue of costs and fees was referred to Judge Almond and was fully briefed by both parties. Respondent filed four responsive pleadings to Petitioner's Motion for Costs. Of note, Respondent never requested an oral hearing and, therefore, waived her right to oral argument before the Magistrate. Although Respondent filed her responses *pro se*, she had the services of the firm of Sullivan & Worcester during trial, followed by those of Richard Boren, and Thomas Dickinson. This is not the type of case that requires oral argument, as indicated by Respondent's failure to request oral argument before the Magistrate.

The Magistrate issued a Memorandum and Order on Petitioner's Motion for Order of Fees and Costs, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure.[1] Respondent's Notice of Appeal refers to Local Rule 72(c), which addresses only appeals from rulings on nondispositive matters. As such, this Court shall modify or set aside only those portions of the Magistrate's Order "found to be clearly erroneous or contrary to law." Oral argument is not needed when such a high standard is involved. This Court heard every part of this case from start to finish and is already in the best position to make a determination of this appeal from the Magistrate Judge's order. This Court's review of an award of attorney's fees and costs requires neither live testimony nor oral argument on issues with which this Court is already familiar. To the extent the Respondent wants to argue her view of the facts, her counsel has done so in her Memorandum.

[1] If the Motion for Costs had been referred to the Magistrate pursuant to Rule 72(b), the Magistrate would have been required to issue a recommendation for disposition of the matter.

This Court has already provided the Respondent with every conceivable courtesy, among them *sua sponte* requesting certain matters to be investigated by the F.B.I., changing its schedule in order to accommodate the timing specified in the applicable Hague Convention and, in an abundance of caution, going so far as to both appoint and ordering the Petitioner to pay half the cost of the court-appointed Guardian ad Litem and Dr. Jenny.

Respondent's request sets out no practical benefit to the Court which will flow from a hearing. However, holding a hearing will create a further burden for the Petitioner. This case has already proven finically disastrous to Petitioner. Because of the relatively low award made by the Magistrate Judge, Petitioner can never fully recover all the money spent, all of which was a direct result of Respondent's bad conduct. A hearing on this appeal would require Petitioner's lead appellate counsel, Attorney Brad Martin, to travel from South Carolina, resulting in additional costs.[3]

---

[3] In the event the Court, in the exercise of its discretion, decides to hold a hearing, without any disrespect intended, the Petitioner cannot justify spending the money needed to fly to and from and stay in Rhode Island in order to attend the proposed thirty minute hearing. If there is to be a hearing, Petitioner requests the option of being able to have his counsel argue via telephone conference call.

**Conclusion**

Petitioner respectfully requests that Respondent's Motion for Oral Argument be denied.

Respectfully submitted,

August 6, 2007

Charles A. Tamuleviz, Esq. (Fed. Bar #6115)
TAMULEVIZ, HULTQUIST, & DIANCHI
144 Westminster Street
Providence, Rhode Island 02903
401.490.2939
401.490.2940 (fax)

/s/ Bradford N. Martin
Bradford N. Martin (Federal Bar #3310)
BRADFORD NEAL MARTIN & ASSOCIATES, PA
75 Beattie Place, Ste. 910
Post Office Box 10410
Greenville, South Carolina 29603
864.552.9990
864.552.9992 (fax)

Gerald Nissenbaum, Esq.
NISSENBAUM LAW OFFICES
The Landmark
160 Federal Street, 24th Floor
Boston, Massachusetts 02110
Phone: 617-330-9090
Fax: 617-330-6909

ATTORNEYS FOR PETITIONER

## Certification of Service

On this 6th day of August, 2007, I caused the within document to be filed electronically and it is available for viewing and downloading from the ECF system to the registered participants and as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ Bradford N. Martin
Bradford N. Martin (Federal Bar #3310)
BRADFORD NEAL MARTIN & ASSOCIATES, PA
75 Beattie Place, Ste. 910
Post Office Box 10410
Greenville, South Carolina 29603
864.552.9990
864.552.9992 (fax)