# United States Court of Appeals
## For the First Circuit

---

No. 07-2411

DOMINIK KUFNER,

Petitioner, Appellee,

v.

TINA KUFNER,

Respondent, Appellant.

---

Before

Boudin, Selya and Lipez,
Circuit Judges.

---

JUDGMENT

Entered: August 4, 2008

Respondent-appellant Tina Kufner appeals from the district court's order requiring her to pay attorney fees and expenses to petitioner-appellee Dominik Kufner in the amount of $354,717.06. She contends, among other arguments, that the magistrate judge erred in failing to consider her claims of straitened financial circumstances and inability to pay the award. Nothing in the magistrate judge's memorandum and order or the record of the fee proceedings indicates that the district court considered these factors. We have held that the financial plight of the respondent "is an important factor to consider." Whallon v. Lynn, 356 F.3d 138, 140 (1st Cir. 2004); see Hon. James D. Garbolino, International Child Custody Cases: Handling Hague Convention Cases in U.S. Courts, 70-71 (3d ed. 2000)(stating that an implied factor in the determination whether an award is "clearly inappropriate" is the respondent's ability to pay, "lest such an award become punitive").

Although the district court granted Mr. Kufner's petition for the return of the children to Germany and granted him temporary full custody of them, the court also ruled that "any resolution of

this matter or the underlying custody proceeding in Germany that prevents the children from spending significant time with their mother would be tremendously harmful." Kufner v. Kufner, 480 F.Supp.2d 491, 515 (D.R.I. 2007), aff'd, Kufner v. Kufner, 519 F.3d 33 (1st Cir. 2008). The district court ordered Mr. Kufner not unreasonably to oppose Mrs. Kufner's efforts to obtain reasonable access and visitation, and to obtain appropriate psychological counseling in order to "increase her visitation up to the point of and including joint custody." Id. at 516.

If Mrs. Kufner's financial circumstances are as she claims, it appears that the burden of paying an award in excess of $350,000 while simultaneously participating in contested custody proceedings in Germany and obtaining psychological counseling might interfere with her ability to spend time with her two young sons and maintain a home in which to visit with them. In light of Mrs. Kufner's claims and the terms of the district court ruling in the underlying case, we conclude that it was an abuse of discretion for the district court not expressly to have considered Mrs. Kufner's financial circumstances in determining the magnitude of the award of fees and costs. See Rydder v. Rydder, 49 F.3d 369 (8th Cir. 1995). For this reason, we reluctantly conclude that the district court order must be vacated and the case remanded for the district court to reconsider the amount of the award in light of Mrs. Kufner's claims of straitened financial circumstances. Mrs. Kufner's motion for appointment of counsel is denied. We take no view of the ultimate award; that is for the district court to determine, upon consideration of the totality of the relevant factors.

It is so ordered. No costs.

By the Court:

/s/ Richard Cushing Donovan, Clerk.

cc:
Honorable William E. Smith
David DiMarzio, Clerk of Court for the District of Rhode Island
Thomas M. Dickinson
Bradford N. Martin
Gerald L. Nissenbaum
Sharon O'Keefe
Charles A. Tamuleviz
Tina Kufner