UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                        )
DOMINIK KUFNER,                         )
                                        )
          Plaintiff,                    )
                                        )
     v.                                 )     C.A. No. 07-046-S
                                        )
TINA KUFNER,                            )
                                        )
          Defendant.                    )
_____)

**MEMORANDUM AND ORDER**

On July 12, 2013, Respondent Tina Kufner filed an Emergency
Expidited [sic] Motion for Relief.  (ECF No. 162.)  In her
Motion, Ms. Kufner seeks to "correct" several docket entries in
this case, "to correct the mistakes made by this Court,
including the Opinion and Order of March 25, 2007," and to
reopen the case and "hold the [Petitioner Dominik Kufner] in
contempt of Court for violating the Opinion and Order of March
25, 2007 'undertakings.'" (Id. at 24, 26.)

On January 31, 2007, Mr. Kufner filed a Petition for Return
of Children brought pursuant to the International Child
Abduction Remedies Act, 42 U.S.C. § 11601 et seq., and the Hague
Convention on the Civil Aspects of International Child
Abduction.  Mr. Kufner's Petition sought the return of his two
sons (then, ages eight and seven and now, ages fourteen and
thirteen) to Germany.  After several hearing days, the Court, on

March 28, 2007, granted the Petition and found that the children had been wrongfully removed from their country of habitual residence by Ms. Kufner and ordered their return to Germany. (Opinion and Order ("Opinion") 49, March 28, 2007, ECF No. 69.) The Court's Order was also subject to three "Undertakings" intended to protect the children from any risk of harm upon return to Germany and "[u]ntil the appropriate German court makes specific determinations regarding custody and access and visitation rights." (Id. at 43-50); see also Walsh v. Walsh, 221 F.3d 204, 219 (1st Cir. 2000) (The consideration of undertakings "allows courts to conduct an evaluation of the placement options and legal safeguards in the country of habitual residence to preserve the child's safety while the courts of that country have the opportunity to determine custody of the children within the physical boundaries of their jurisdiction"). Ms. Kufner unsuccessfully appealed the Court's decision to grant Mr. Kufner's Petition for the return of the children to Germany and the Court's Orders were affirmed on March 7, 2008. (ECF No. 127.) Despite further litigation in this Court in 2008 and 2009 over the award of attorney's fees and costs, Ms. Kufner did not timely move for correction of any claimed docketing or other errors and never timely filed any formal motion seeking to hold Mr. Kufner in contempt for

violating any of the interim "undertakings" ordered by this Court.

Now, several years after this case was closed and long after any rights Ms. Kufner had to appeal and/or reopen this case have expired, see Fed. R. App. P. 4 and Fed. R. Civ. P. 60, she seeks to reopen this case for various reasons. While Ms. Kufner's dissatisfaction with the outcome of this case and the subsequent family court proceedings in Germany is apparent and understandable from her perspective, this Court has no ongoing legal basis to interfere with child custody issues which are within the jurisdiction of the courts of the children's country of habitual residence, i.e., Germany. Furthermore, while this Court may have had limited contempt jurisdiction to enforce the "undertakings" it ordered, those "undertakings" were ordered in 2007 and were plainly intended as only interim safeguards to protect the children from harm during their period of return and "[u]ntil the appropriate German court makes specific determinations regarding custody and access and visitation rights" which apparently occurred long ago. (Opinion 50.) The "undertakings" were not intended to be and are not permanent, ongoing orders enforceable in perpetuity. This is a closed case, and Ms. Kufner has presented no valid legal or factual bases to reopen it. Accordingly, Respondent's Emergency

Expidited [sic] Motion for Relief (ECF No. 162) is DENIED and this case remains closed.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date:  August 9, 2013